## ACKER *vs.* SUSAN LEDYARD.

The 'defendant in error pleading to the assignment of errors *in nullo est erratum,* and the statute of limitations, he will be compelled on motion to elect by which of the pleas he will abide.

The statute of limitations, when relied on by a defendant in error, *must be pleaded,* though the judgment appears on the face of the record to be of more than two years standing. *Per* JEWETT, J.

THE writ of error to the superior court of the city of New-York in this cause having been returned, the plaintiff in error filed and served a general assignment of errors. The defendant pleaded (1) *In nullo est erratum,* (2) that the writ of error was not brought within two years after the rendition of the judgment in the court below. The plaintiff in error moves to strike out the second plea, or that the defendant in error be required to elect by which of them she will abide.

*Brown & Mathews,* for the plaintiff in error.

*D. Greig,* for the defendant in error.

*By the Court,* JEWETT, J. An assignment of errors is in the nature of a declaration. (*Grah. Pr.* 955.) Error in law and error in fact cannot regularly be assigned together in an assignment of errors. If it be attempted, the assignment will be bad for duplicity, and subject to a special demurrer for that cause. Several errors of the same class may be assigned, but error in law and error in fact cannot be assigned in the same cause, for they are distinct matters and require different trials. To the assignment of errors the defendant may plead either the common joinder, *in nullo est erratum,* or a special plea, or he may demur. The common joinder alleges that there is no error &c. and prays that the court may proceed to examine the record and affirm the judgment. Special pleas confess the errors assigned, but avoid them by other matter. Of this character is the plea of the statute of limitations. It is a good bar, and cannot be taken advantage of in any other manner than by plea. (2 *Stra.* 1055 ; *Grah. Pr.* 958.) Such pleas must conclude by praying that the plain-

tiff may be barred of his writ of error, and not that the judgment be affirmed, for they admit the judgment to be erroneous; and the plaintiff may reply or demur. (*Tidd's Pr.* 1210; 2 *Dunl. Pr.* 1156; 1 *Stra.* 127; *id.* 683.)

Until the enactment of the provision in the revised statutes, (2 *R. S.* 409, § 4,) declaring that all issues of fact joined in any court proceeding according to the course of the common law should be tried by a jury, *nul tiel record* and payment could not be pleaded together, as they required different trials, one by the record and the other by the country. (1 *John. Cas.* 104; *Coleman's Cas.* 41.) Now, by 2 *R. S.* 352, § 9, "the defendant in any action may plead as many several matters as he shall think necessary for his defence, subject to the power of the court to compel him to elect by which plea he will abide, in cases where he may plead inconsistent pleas."

Counsel agree that the plea, *in nullo est erratum*, raises an issue in law and that it must be tried by the court. It is well settled that although it appears, from the face of the record, that the judgment is above two years' standing, the statute must be pleaded as well as other statutes of limitations, because there is a saving of rights of persons who at the time of the rendition of the judgment were under certain disabilities, and the time during which such disability continues is not deemed any portion of the time limited for bringing a writ of error. Such person, however, is entitled to bring a writ of error at any time within two years after such disability shall be removed. (2 *R. S.* 595, § 22; *Cases Temp. Hardwick*, 346.) Exceptions may be replied "to take off the effect of the plea; and therefore the court cannot take notice of it merely as it appears upon the record itself."

The pleas are inconsistent, and the defendant in error must elect by which she will abide.

Motion granted.