## HYMANN vs. COOK and others.

The court will not upon errror reverse a judgment, where general errors in law have been assigned without ascertaining by an inspection of the record that the judgment below is erroneous, though an issue of fact arising upon a plea of the statute of limitations pleaded by the defendant in error has been found for the plaintiff.

Judgment will be given upon the same principles which would govern if there had been a joinder in error.

The plaintiff in error in such a case must make up error books and place the cause *on the calendar at a general term*, and either party may give notice of argument.

HYMANN sued Cook, Arms & Perkins in the New-York common pleas, where, after a trial and a bill of exceptions, judgment was rendered for the defendants. The plaintiff brought error in this court, and assigned general errors in law. The defendants pleaded in bar the statute of limitations, that the writ of error was not brought within two years after the rendering of the judgment. The plaintiff replied, that at the time of the rendition of the judgment he was an infant within the age of twenty-one years, to wit at the age of nineteen years and three months, and no more; and that he brought the writ of error within two years after he arrived at the age of twenty-one years. The defendants rejoined, taking issue on the allegations in the replication, and concluding to the country. The issue was tried at the New-York circuit on the 7th of January last, when the jury found for the plaintiff in error.

*A. Taber,* for the plaintiff in error, pursuant to notice, presented the trial record, consisting of the papers which would make the usual error book, and the postea, and circuit minutes; and moved for a rule reversing the judgment of the common pleas. He said that although there must be a special motion in such a case; (2 *Cowen,* 525; 4 *id.* 17;) yet as the issue had been found in favor of the plaintiff in error, the judgment must be reversed as a matter of course. He cited 1 *Arch. Pr.* 256;

*Cunningham* v. *Houston*, 1 *Str.* 127 ; 2 *R. S.* 601, § 62 ; 1 *Till. & Y., Error*, 288.

*N. Hill Jr.*, for the defendant in error. Although the verdict has removed the bar which was set up by the plea, it still remains to be seen whether there is any error in the judgment of the court below, and the court must look into the record for the purpose of determining that question. If there be no error, the judgment must be affirmed. He cited the *Year Book*, 21 *E. 3, p. 4* ; *Carleton* v. *Mortagh*, (6 *Mod.* 113, 206 ; *and S. C.* 2 *Ld. Ray.* 1005 ;) 1 *Salk.* 268 ; 3 *id.* 399 ; *Holt*, 275 ; *Meredith* v. *Davies*, (1 *Salk.* 270 ;) 4 *Burr* 2551 ; 1 *Roll. Ab.* 764, *pl.* 5 ; *Castledine* v. *Mundy*, (4 *B. & Ad.* 90 ;) 2 *Tidd*, 1231, *ed. of* '28 ; *Houghton* v. *Starr*, (4 *Wend.* 182—3 ;) 1 *Till. & Y., Error*, 106.

*By the Court*, Bronson, Ch. J.   The court is cautious about either affirming or reversing a judgment, until the record has been examined to see whether there is any error. Even where the defendant pleads a release of errors, which is found in his favor, the judgment will not be affirmed ; for it may be erroneous. But the plaintiff is barred ; and the entry is, that he take nothing by the writ of error. The case which has been cited of *Cunningham* v. *Houston*, (1 *Stra.* 127,) proves this ; and it proves no more. *Kirle* v. *Cliston*, (1 *Show.* 50 ; 3 *Salk.* 214 ; and *Comb.* 128 ;) and *Dent* v. *Lingwood*, (1 *Stra.* 683,) are to the same effect.

Here we are asked to reverse a judgment. But without looking into the record it is impossible to say that there is any error. The defendants have pleaded the statute of limitations in bar of the writ of error ; and the issue joined upon that plea has been found in favor of the plaintiff. That proves that the plaintiff is not barred of his writ of error. But it does not prove that there is any error in the judgment. The most that can be said of the matter is, that by pleading in bar the defendants have impliedly admitted that there was error in the judgment. But although the parties may conclude themselves by

admissions, they cannot bind the court. The defendant may confess error in fact, and the court will act upon it; but it is not so where he confesses error in law. There, the court will judge for itself. The cases cited at the bar of *Carlton* v. *Mortagh*, and *Meredith* v. *Davies*, are in point to show that we must look into this record. And so also is the case cited from the Year Book of 21 *Edw.* 3, where it is said that " if a fact be pleaded in bar of error, as a feoffment or release, and issue is taken thereupon, and found for the plaintiff, yet the court shall examine the judgment; and if no error appear to them therein, shall affirm it." That is the very case in hand, with only this difference, that there the defendant failed on a plea in bar of a release ; while here the defendants have failed on a plea in bar of the statute of limitations, which is not a difference in principle. A remarkable case was mentioned by Lord Mansfield in delivering the judgment of the court in *Rex* v. *Wilkes*, (3 *Burr.* 2551.) The case was this : In 1708, Lord Griffin was brought into the court of king's bench on an outlawry for high treason ; and a rule was made for his execution. He was reprieved from time to time till his death. His grandson and heir, from the grace and favor of the king, obtained a writ of error. Sir Philip Yorke, then attorney general, came into court and said he had a sign manual *to confess the errors* and consent to the reversal. The court told him his confessing an error in *law* would not do; *they* must judge it be an error, and their judgment would be a precedent. But the plaintiff in error might assign an error in *fact ;* which, I y proper authority, he might confess. Accordingly, the plaintiff assigned an error in fact: the attorney general confessed the fact, and the outlawry was thereupon reversed. If the court will not act upon the express admission of an error in law, they clearly will not upon an admission which can only be implied from pleading in bar to the usual assignment of errors.

In *Castledine* v. *Mundy*, (4 *Barn. & Ad.* 90,) the plaintiff made a bad assignment of error in fact, without assigning any error in law ; and yet the court held that they were bound, *ex officio*, to take notice of an error in law, and to give the proper

judgment according to the right appearing upon the whole record. The judgment was reversed.

We must look into this record just as we should have done had there been a joinder in error instead of a plea in bar.(*a*) The proper course will be for the plaintiff to make up error books, and place the cause on the calendar for argument. Either party can notice it. And should a like case arise in future, the same course must be pursued, instead of making a non-enumerated motion, as has been done in this instance.

Motion denied.

(*a*) See *Acker* v. *Ledyard*, (1 *Denio*, 677.)

# CASES

ARGUED AND DETERMINED

IN THE

# COURT FOR THE CORRECTION OF ERRORS

OF THE

## STATE OF NEW-YORK,