Summers, J,
This suit was commenced in the court of common fleas by James T. Black, as Receiver of the Plain City Bank, against W. W. Platt, the plaintiff in error. The petition consisted of ten causes of action, each of which, after showing the capacity of the plaintiff to maintain the action, was in the form following:
“The plaintiff alleges that on the 26th day of December,. 1881, the said defendant, in and by his said name of W.W. Platt, gave his written obligation and request, to the said Plain City Bank to pay to the order of Hager & Allen, a partnership doing business by that name, for the defendant’s-use, the sum of ten dollars, which written obligation and request was duly endorsed by the said Hager & Allen, and upon said order and endorsement the said Plain City Bank thereupon, accordingly, paid the said sum of ten dollars, for the use of said defendant, pursuant of the said request.
“ The said written request is of the following tenor, to-wit r
“No. 1. Plain City, O., Dec. 26, 1881.
“Plain City Bank.
“Pay to Hager & Allen or order, Ten 00-100 Dollars,. $10.00. W. W. Platt.’’
Then follows an allegation of a request of payment by the-plaintiff and a failure to do so by the defendant, and of the-amount due.
*500 Following the tenth cause of action was this: “All of said written requests were delivered to, and retained by, the said Plain Oity Bank, and are now in plaintiff’s possession as such receiver,” and a prayer for judgment.
A general demurrer was filed to each cause of action, and was sustained. The plaintiff then amended each cause of action by adding the allegation that the defendant at no time had any funds in the bank with which to pay the check set out in that cause of action. The defendant then demurred to each cause'of action,because it appeared on the face thereof that the cause of action therein set forth accrued more than six years prior to the beginning of the action. This demurrer was overruled, to which the defendant excepted, and then filed an answer, setting up the statute of limitations. The trial resulted in a verdict for the jDlaintiff, upon which judgment was entered.
The sole question presented for our determination is, whether the right of action of a bank, which has paid a chéclj drawn on it by a drawer who had no funds on deposit to meet it, against the drawer is barred in six years; or in other words whether the action is upon the check, and if so, whether it is a written promise within the meaning of section 4980, of the Revised Statutes; or whether the action is upon an implied promise of the drawer to repay the drawee, and barred in six years by the provisions of section 4981.
The petition was filed December 22, 1892. The most recent of the checks is dated February 14, 1883, and, as the averments of the petition are to the effect that the checks were paid at their respective dates, we think the court erred in' overruling the demurrer to the amended petition if the six years’ limitation applies, and it is unnecessary to state how the question is otherwise raised.-
Counsel for plaintiff below rely mainly upon Haines v. Tharp, 15 Ohio, 130, which was an action brought by the indorsee against the indorser of ■ a promissory note, and es *501 pecially upon this statement in the opinion: “An endorsement is a written contract of which the law declares the effect; and, when counted upon, it is the foundation of the action; and a plea that the cause of action did not accrue within six years, is no bar under the statute, ’ and claims the legal effect of giving the check is the same as the legal effect of the endorsement.
A check upon a bank purports to be drawn upon a deposit of funds, and it is the fact that it purports to be so drawn which constitutes it a check. “And it does not import a loan from the bank to the drawer; but if it appears that the check was paid without funds, an implied promise is raised that the drawer will refund the amount to the bank.” Daniels on Negotiable Instruments, secs. 1566, 1569, 1647.
The check is merely a receipt or voucher. The action is for the money paid to the drawers’ use, and upon the implied promise to repay it, and the check is merely evidence that the payment was made.
We do not think the legal effect of an over-check is the same as that of an endorsement of a bill of exchange, but that the relation of the parties is similar to that, between a surety and his co-surety in a suit for contribution.
In Camp v. Bostwick, 20 Ohio St. 337, it was held: “The right to contribution among co-sureties is not founded on the contract of suretyship, but is based on an equity arising from the relation of co-sureties,” and Mcllvaine, J., page 347, says: “From this relation the common law implies a promise to contribute in case of unequal payments by co-sureties. ”
And in Neilson & Churchill v. Fry, 16 Ohio St. 553, it was held that an action by a surety against his co-surety for contribution is limited to six years.
In Dickerson v. Turner, 15 Ind. 4, it was held: “Where the drawee of a bill of exchange accepts the bill, the pre *502 sumption is that he has funds of the drawer in his hands, to-the amount^of the bill; but the presumption may be rebutted.
Arnold & Morton, for plaintiff in error.
Selwyn N. Owen, for defendant in error.
“The drawee may show that he accepted and paid the bill for the accommodation of the drawer; and, then, the law will imply an undertaking on the part of the drawer to indemnify the acceptor, who, on such implied obligation, may have Ms-action against the drawer.”
In this case counsel for the appellants assumed that the action was on the bill itself and not upon the implied undertaking, and insisted that the plaintiffs had misconceived their-remedy; but the court held that the action was not upon the-bill, but was founded on an implied promise arising out of' the facts alleged. See also Suydam v. Westfall, 2 Denio, 204; Griffith v. Reed, 21 Wendell, 502; Church v. Swope, 38 Ohio St. 493, 495.
The judgment will be reversed, the verdict set aside, the-demurrer to the amended petition sustained, and the cause remanded for further proceedings.