## JENKINS ET AL. *v.* CORWIN, ADM'R.

NEW TRIAL.—*As of Right.*—*Foreclosure of Mortgage.*—*Statute Construed.*—
An order of the circuit court, setting aside a judgment rendered by it in
an action to foreclose a mortgage, on payment of costs, and granting a
new trial of such cause, as of right, is void; such new trial not being
authorized, in such an action, by section 601, 2 R. S. 1876, p. 252.

SAME.—*Notice.*—An order of the circuit court, vacating a judgment ren-
dered by it in a cause, at a previous term, and granting a new trial
thereof, made on the application of one party but without notice to the
opposite party, is void.

SAME.—*Record.*—An order of a court, vacating a judgment rendered by it
in a cause, at a previous term, and granting a new trial thereof, is no
part of the original case.

APPEAL TO SUPREME COURT.—*When.*—An appeal to the Supreme Court,
from a judgment rendered in the lower court, in a civil action, must be
taken within three years, not from the decision of a motion to set aside
an order granting a new trial of the cause, but, from the rendition of
such judgment.

From the Jay Circuit Court.

*J. W. Headington, J. N. Templer* and *R. S. Gregory,* for
appellants.

*J. A. Harrison,* for appellee.

WORDEN, C. J.—This was an action by Allen Make-
peace, against the appellants and others, to foreclose a
mortgage. Judgment of foreclosure was rendered, in fa-
vor of the plaintiff, at the July term of the court of com-
mon pleas, in the year 1870.

Afterwards, at the July term of said court, in the year
1871, some of the defendants in the original action ap-
peared in that court and showed that they had paid the
costs in that action, and moved that a new trial be granted
to them, as a matter of right, under the provisions of sec-
tion 601 of the code. 2 R. S. 1876, p. 252. No order is
contained in the record, as sent up to us, granting the
above motion, but the record shows, inferentially, that
the motion was granted and a new trial ordered.

At the November term of the court, in the year 1871,
the death of Makepeace was suggested, and John E. Cor-

win, his administrator, appeared specially and moved the court to set aside and vacate the previous order of the court, granting a new trial. This motion was sustained, and the previous order, granting a new trial, was set aside, vacated and annulled.

Two of the original defendants, only, have appealed and assigned error, and the appellee has pleaded the statute of limitations to the appeal.

The record was filed in this court March 16th, 1874, more than three years after the original judgment was rendered, but less than three years after the order of the court, setting aside the previous order granting a new trial.

By statute, appeals must be taken within three years from the time the judgment is rendered, except where the appellant is under disabilities. 2 R. S. 1876, p. 243, sec. 561. Here, the appellants do not appear to have been under any disabilities. We are of opinion that the three years commenced running from the time the original judgment was rendered, and not from the time when the order granting a new trial was set aside.

The order granting a new trial was no part of the original case, and, indeed, it seems to us to have been a nullity. The case was not one in which the parties were entitled to a new trial, on payment of costs, as a matter of right, under the statute. When the original judgment was rendered, and the term of the court had passed, the parties were out of court; and no motion to set aside the judgment and grant a new trial could have been entertained, without notice to the opposite party. The order granting a new trial was made, apparently, without notice to the plaintiff in the original action; and, if so, it was not erroneous, merely, but utterly void. If the order granting a new trial should be regarded as erroneous, merely, and not void, still the subsequent action of the court in vacating and setting it aside, left the original judgment standing as if no such order granting a new

trial had been made. In any view of the case, we think the appeal should have been taken within three years from the rendition of the original judgment.

The appeal is dismissed, with costs.