Filed March 10, 1886.

No. 12,058.

GULLETT *v.* MILLER.

NEW TRIAL AS MATTER OF RIGHT.—*Partition.*—A party to an ordinary suit for the partition of real estate, where neither the title nor the right to possession is in question, is not entitled to a new trial as a matter of right under section 1064, R. S. 1881.

From the Orange Circuit Court.

*G. W. Friedley* and *E. D. Pearson,* for appellant.

*J. Baker,* for appellee.

HOWK, J.—On the 19th day of March, 1881, the appellee, Ruth Miller, commenced an action against the appellant, Gullett, in the court below, to obtain the partition of certain real estate, particularly described, in Orange county. In her complaint in such action appellee alleged that she and Gullett were tenants in common, and each was the owner of an undivided one-half of such real estate, setting forth how and from whom she and Gullett derived their respective titles to their undivided interests in such real estate, and demanding judgment that her share thereof be set off and assigned to her in severalty, and for all other proper relief. Gullett answered her complaint by a denial "of each and every material allegation therein contained." Such proceedings were afterwards had in such action as that on the 22d day of June, 1881, final judgment for the partition of such real estate, between the appellee and appellant, was rendered by such court,

in accordance with the allegations and prayer of appellee's complaint therein.

Afterwards, on the 14th day of June, 1882, the appellant, Gullett, filed in the court below his written application or motion for a new trial, as a matter of right, of appellee's aforesaid action against him for the partition of such real estate, and also his undertaking, with surety, " to pay the plaintiff in such action, and all officers and other persons therein, all costs and damages that shall be recovered against such defendant herein." On the next day, on motion of appellant, the court ordered " that summons herein do issue to the sheriff of Orange county for the plaintiff, Ruth Miller, returnable at the next term, until which time this cause is now continued." Afterwards, on the 25th day of October, 1882, the record recites that the parties came by their attorneys, and this cause was continued generally; and thereafter the cause was continued from term to term, without further action of the court, until the January term, 1884. On the 16th day of January, 1884, the appellee moved the court in writing to dismiss appellant's application for a new trial; " pending which " (the record recites) " the defendant presents to the court his bond, filed with his application herein, and asks that the same may be approved by the court, which said bond or undertaking is now so approved."

Thereupon the court, having heard appellee's motion and evidence pertaining thereto, sustained such motion and dismissed appellant's application for a new trial of the partition suit, as a matter of right, to which ruling and decision appellant excepted and filed his bill of exceptions.

Appellant has assigned here as errors the following decisions of the circuit court:

1. In sustaining appellee's motion to dismiss his application for a new trial of the partition suit, as a matter of right; and,

2. In overruling his application for such new trial on January 16th, 1884.

In her written motion to dismiss appellant's application for a new trial of the suit for partition, as a matter of right, appellee assigned the following reasons for such dismissal, namely :

1. Appellant was not entitled to a new trial in such suit.

2. One application for a new trial had been previously overruled by the court.

3. That more than one year had elapsed since the rendition of the judgment for partition in such suit.

4. The title to the real estate was not involved in such action.

5. Such application for a new trial was not made within one year from the rendition of the judgment for partition.

We are of opinion that the circuit court did not err in sustaining appellee's motion and dismissing the appellant's application for a new trial of the partition suit, as a matter of right. In an ordinary suit for the partition of real estate, such as this clearly was, where the only affirmative relief, sought or demanded by any party to the record, is the mere severance of the unity of possession, it is certain, we think, that the title to such real estate is in no manner in question, and the decree or judgment in such suit will not vest in either of the tenants in common any new or additional title. After the judgment of partition, each of the tenants in common had precisely the same title which he previously had; but their prior joint possession was converted by such judgment into a several possession. *Wade* v. *Deray*, 50 Cal. 376; *Avery* v. *Akins*, 74 Ind. 283; *Miller* v. *Noble*, 86 Ind. 527 ; *Elston* v. *Piggott*, 94 Ind. 14.

If, in the case in hand, either the appellee or appellant had alleged affirmatively that the title or possession of the other to or of the real estate, whereof partition was sought, was hostile or adverse to his or her claim thereto, and had demanded judgment for possession, or that his or her title might be quieted, then it might be held, under our decisions, that an application for a new trial, as a matter of right, ought to

have been granted. But, as we have seen, the appellee sought merely that her share of the real estate 'might be set off to her in severalty, and did not claim either the possession thereof, or that her title thereto might be quieted; and appellant's only pleading was simply a general denial of the allegations of appellee's complaint. In such a case we have often held that the losing party is not entitled to a new trial, as a matter of right, under the provisions of section 1064, R. S. 1881. *Harness* v. *Harness*, 49 Ind. 384; *McFerran* v. *McFerran*, 69 Ind. 29; *Pipes* v. *Hobbs*, 83 Ind. 43; *Butler University* v. *Conard*, 94 Ind. 353.

In section 1071, R. S. 1881, it is provided in effect that the statutory rules of practice, which govern actions for the possession of real estate and actions to quiet title, shall be observed " in partition cases, when the title to real estate is *bona fide* in question, upon the pleadings and evidence between the parties." This provision is new legislation, appearing for the first time in our civil code of 1881, and taking effect on September 19th, 1881. It seems to us, however, that the provision quoted is merely a legislative recognition of the prior decisions of this court, applying the statutory motion for a new trial, as a matter of right, to partition cases, whenever it was shown by the record that the title to the real estate, or the right to the possession thereof, was in good faith involved in the issues. In the case under consideration, it is not shown by " the pleadings and evidence between the parties," that the title to the real estate, or the right to the possession thereof, " is *bona fide* in question." We conclude, therefore, that appellant was not entitled to a new trial of this cause as a matter of right, under the statute, and that, for this reason, there is no available error in the decision of the court sustaining appellee's motion to dismiss appellant's application for such a new trial.

The judgment is affirmed, with costs.

Filed March 23, 1886.