Voss *et al. v.* Eller.

No. 11,971.

VOSS ET AL. *v.* ELLER.

MORTGAGE.— *When Deed and Contemporaneous Contract Constitute a Mortgage.* — *Conditional Sale.*—Where, upon construing together a deed absolute on its face and a contemporaneous written contract, it appears that at the time they were executed there was a pre-existing debt owing to the grantee, the subsequent payment 'of which by the grantor would entitle him to a reconveyance of the property, and that the grantee surrendered no remedy previously available to him for the collection of his debt, and that the obligation of the grantor remained the same, such deed and contract constitute a mortgage, and not a conditional sale.

NEW TRIAL.— *As of Right.*— *Cancellation of Mortgage.*— *Quieting Title.*—A new trial as of right is not allowable in a suit to have a deed adjudged to be a mortgage and to procure its cancellation, as satisfied, even though the complaint also prays for a quieting of title.

ESTOPPEL.— *Mortgage.*— *Claim of Title.*—One who takes a mortgage of real estate is estopped to claim title thereto.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellants.

*D. Moss* and *R. R. Stephenson,* for appellee.

MITCHELL, J.—This action was commenced by James G. Eller against the heirs and personal representatives of Gustavus H. Voss, deceased.

The complaint alleged that the plaintiff, Eller, being largely indebted to the decedent, Gustavus H. Voss, conveyed to the latter in his lifetime certain tracts and parcels of land in Hamilton county, by a deed absolute in form, but which was in-fact intended as a mortgage to secure the payment of such indebtedness.

It is also alleged that contemporaneously with the execution of the deed, and as a part of the same transaction, the plaintiff and the decedent entered into a written contract in relation to the conveyance. This contract, as well as the deed, is embodied in the complaint, and is alleged to have had the effect to constitute the deed and contract a mortgage. It is further alleged that after the deed and contract were executed, the plaintiff had, pursuant to the contract, sold

part of the land, and that Voss had, in accordance with the agreement, made conveyances to the purchasers to whom sales were thus made. From the proceeds of sales, from rents received by the decedent, and from other payments made to him, it is averred that the indebtedness to secure which the deed had been executed, had, prior to the commencement of the action, been fully paid and satisfied.

The complaint charges that notwithstanding the debt so secured had been in this manner fully paid, Voss in his lifetime refused to reconvey the lands remaining unsold, and that the defendants, the heirs and personal representatives of Voss, were asserting some interest in or lien upon such lands on account of the uncancelled mortgage.

The prayer of the complaint is, that the court adjudge the deed to be a mortgage, and order it to be satisfied of record, and that the title to the land be quieted in the plaintiff.

The agreement, executed concurrently with the deed, after reciting that a conveyance of certain lands had that day been made by Eller to Voss, proceeded as follows:

"Now said deed is made for the payment of certain debts and claims said Voss now holds against said Eller, to wit: One mortgage of ($5,000) principal, and the several interest notes due and to become due thereon, supposed to be about $1,500, but is to regulate and determine by the amount of said notes which Voss will hold on the 1st day of May next; and also for the payment of several judgments which Voss now holds against said Eller, as appears by the records of the Hamilton Circuit Court, supposed to be $1,500, more or less, as will appear from the docket of said court. Now Voss agrees that said Eller may and shall proceed to sell said farm, which is to be done between this and the 1st day of next May, but he is not to sell it for less than the amount of said mortgage, interest and taxes, and all it will bring over that sum is to be applied to payments on said judgments. Eller is also to proceed to sell said lots, and is to have a period of five years to do so in, by paying all taxes

and assessments against the same and ten per cent. interest
annually to Voss upon said sum due Voss, and Voss agrees
to make warranty deeds to all purchasers of said property if
made to good parties and upon such terms as is usual. All
deferred payments to be secured by mortgage upon the prop-
erty sold, good, sound bank notes with ten per cent. interest,
and so soon as all claims of said Voss have been paid with
the said interest, Voss agrees to deed any of said property
which may revert to said Eller free of all costs whatever, in
full for his commission for selling said property, and make
no other claim against said Voss for his services; and Eller
further agrees to use his best endeavors to sell said property
at as early a day as possible. None of said lots are to be
sold for less than $200 each without the consent of Voss.
Eller may subdivide said farm and sell the same in any such
parcels as he and Voss may deem the best subdivision. None
of said lands south of the railroad to be sold for less than
seventy dollars per acre, and that on the north less than
$100; and it is agreed now that Eller may sell the thirty-eight
acres on the south by itself. Each has a copy.

"G. H. Voss.

"June 8th, 1876.          James W. Eller."

The court below having overruled a demurrer to the com-
plaint, the question first to be considered is as to the legal
effect of the deed and the contract above set out. Construed
together, as it is conceded they must be, do they constitute a
mortgage, or a conditional sale?

On behalf of the appellants the argument is, that the re-
cital that " said deed is made for the payment of certain debts
and claims said Voss now holds against said Eller," is con-
clusive of the fact that the previously existing indebtedness
was extinguished by the conveyance of the land. The ap-
pellants' position is, that there can be no mortgage without
a subsisting indebtedness, and, they argue, since by the ex-
press terms of the agreement, the conveyance was accepted
in payment of the pre-existing debts, the transaction was not

.a mortgage. Upon the facts as assumed, the conclusion might well follow.

While each case involving a controversy such as the one before us, must be decided in view of its own distinguishing ·circumstances, some rules of more or less general application .are of controlling influence in determining whether a given transaction is of one character or the other.

A recognized method by which to determine whether a ·deed, absolute on its face, may nevertheless operate as a mort-gage, is to ascertain whether or not at the time of its execu-tion, there was a pre-existing or concurrently created debt by way of loan, owing to the grantee, the subsequent payment ·of which, in pursuance of a contemporaneous agreement, en-titled the grantor, or debtor, to a reconveyance of the estate. An absolute conveyance without any other consideration than that assumed, coupled with an agreement to reconvey, will be regarded as a mortgage.

Whatever form the transaction may have assumed, if the relation of debtor and creditor, with its reciprocal rights, con-tinues between the contracting parties, or if such relation was then created, by a loan or advance, and if the agreement, whether in the deed or in a separate instrument concurrently executed, is such that the debtor, by merely paying his debt, becomes entitled to insist upon a reconveyance, or to other-wise defeat the estate conveyed, the conveyance will be re-garded as a security for such continuing or newly incurred ·debt. *Cox* v. *Ratcliffe*, 105 Ind. 374, and cases cited (2 West. R. 811, and note); *Cornell* v. *Hall*, 22 Mich. 377; *Peugh* v. *Davis*, 96 U. S. 332; *Russell* v. *Southard*, 12 How. 139; *Hanlon* v. *Doherty, ante*, p. 37; Jones Mortg., sections 242, ·258, 265, 269. .

A deed, and an agreement in writing, executed contempo-raneously therewith, having the characteristics above stated, constitute a mortgage by construction of law. Parol evi-dence will not be received for the purpose of showing that the parties intended that a transaction evidenced by writings

of that description, should constitute a sale. *Proctor* v. *Cole,* 66 Ind. 576; Jones Mortg., sections 248, 277.

It does not follow that a debtor may not convey property to his creditor in payment of an existing debt, nor that the two may not, by a contract made at the time of a conveyance so made, thereafter occupy the relation of vendor and purchaser toward each other, in respect to the land so conveyed. If the pre-existing liability of the debtor is extinguished, and the personal remedy of the creditor is released in consideration of a sale and conveyance of the property, the fact that a contract to resell, upon certain terms and conditions, is entered into, does not constitute the transaction a mortgage. Or, if, as a result of the agreement, the debt is extinguished, leaving the grantor the option to pay or not, as he pleases, and thereby entitle himself to a reconveyance, the transaction operates as a conditional sale. *Hays* v. *Carr*, 83 Ind. 275; *Conway* v. *Alexander*, 7 Cranch, 218; *Flagg* v. *Mann*, 14 Pick. 467; *Smith* v. *Crosby*, 47 Wis. 160; Jones Mortg., sections 259–261.

This brings us to consider the agreement heretofore set out, the legal effect of which is to be determined by the whole instrument.

The recital that the conveyance was made in payment of certain debts and claims, held by Voss against Eller, must be considered in the light of what follows.

The claims mentioned are, first, one mortgage of $5,000, principal, and the several interest notes " due and to become due thereon," supposed to be about $1,500, the amount to be determined " by the amount of said notes which Voss will hold on the 1st day of May next."

This makes it certain that the mortgage debt was not treated as extinguished by the conveyance. Otherwise there could have been no propriety in stipulating that the amount of interest " due and to become due " thereon, should be estimated by the amount of interest notes which should be held by Voss nearly one year after the conveyance.

The other claims, which the recital relied on applies to as having been paid by the conveyance, are certain judgments appearing on the records of the Hamilton Circuit Court, in favor of Voss against Eller, which were supposed to amount to about $1,500. The contract provides that Eller shall proceed to sell the farm prior to the 1st day of May next ensuing, the sale to be for a sum not less than the mortgage debt, interest and taxes, and that all that should be realized from such sale over that sum was to be applied to the payment of the judgments.

This provision makes it clear that neither the mortgage debt, nor the debts evidenced by the judgments, were extinguished, or treated as canceled.

The contract stipulates further that so soon as all claims of Voss had been paid, with interest, the latter agreed to convey " any of said property which may revert to said Eller, free of all costs in full for his commission in selling said property."

As there are no other claims referred to in the written agreement, except the mortgage debt, and interest notes due, and to become due, and the judgments therein mentioned, it conclusively follows that it was the payment of these original claims, and the interest thereon, that, under the very terms of the contract, was to entitle Eller to a reconveyance of any of the property remaining unsold.

Looking behind the mere form to the substance of the transaction, it becomes apparent that Voss surrendered none of the remedies which were available to him for the collection of his claims against Eller, prior to the conveyance in question, nor did he thereby acquire any new rights, except to retain the title as a security until his pre-existing claims were actually paid. Both the form and extent of Eller's obligations remained the same, after as before the deed and agreement. Such being the fact, the real nature of the transaction can neither be obscured nor controlled by mere gen-

eral statements.    We conclude that the deed and accompany-
ing contract constitute on their face a legal mortgage.

At the hearing, the appellee was permitted to give in evi-
dence certain admissions made by, and conversations had
with the decedent in respect to the extent of the indebted-
ness owing by Eller to Voss, as compared with the value of
the property subsequently conveyed.    The conversations ob-
jected to were had about one month prior to the conveyance
in question.    It is said, in objection to the ruling admitting
this evidence, that it was, in effect, an effort to contradict the
written agreement subsequently entered into between Eller
and Voss.    This view is not sustained by the record.    What
was said by the witness in answer to the question objected to,
was as follows:

"He, Voss, wanted me to give my obligation to him for
the $5,000 that James owed him and take the property and
clear it out and make all out of it I could, and help James out
with his debt.    He claimed there was property enough there
to pay all his debts and leave him some, and he was afraid
the creditors would just come in and take it all; he said that
would take it all and leave him nothing, and he wanted me
to take the $5,000 and two interest notes that were back."

We perceive nothing in the foregoing which in any degree
contradicts the writing.

The appellants contend further, that the finding of the
court that the debts due from Eller to Voss had been fully
paid prior to the commencement of the suit, is not sustained
by the evidence.

Without entering upon a detailed examination of the evi-
dence here, it is enough to say, it fairly shows that the debts
were paid.

Lastly, it is contended that the court erred in not granting
the appellants a new trial, as a matter of right.

The suit was, in effect, a bill to redeem, and to procure the
cancellation of a mortgage.    Having already determined that
the deed and written agreement executed with it constituted

:a mortgage, it must be held that the nature and character of the action to procure its cancellation, was in no sense different from a suit to procure the cancellation of any other mortgage. That the complaint also prayed that the plaintiff's title might be quieted, is not controlling. The action did not involve the title to land to any greater extent than title is involved in any other suit to declare a mortgage satisfied, and to procure its cancellation. Having taken a mortgage the mortgagee was estopped to claim the title. *Conklin* v. *Smith*, 7 Ind. 107. There was no error.

The judgment is affirmed, with costs.

