Sterne *v.* Vert *et al.*

Filed June 28, 1887.

———————◆———————

No. 13.698.

STERNE *v.* VERT ET AL.

SUPREME COURT.—*Appeal.*—*Party Accepting Benefit of Judgment not Allowed to Appeal.*—*Mortgage.*—*Foreclosure.*—*Sale.*—*New Trial as of Right.*—Where in an action to foreclose a mortgage upon three tracts of land there is a decree of foreclosure rendered as to two of the tracts, and a judgment against the plaintiff as to the third tract, the latter can not, after a sale of the two tracts under the decree, prosecute an appeal to the Supreme Court to obtain a reversal of the judgment as to the third, nor can he prosecute such an appeal from a ruling of the court below overruling his motion for a new trial, as a matter of right, as to such third tract.

NEW TRIAL AS OF RIGHT.—*Title to Real Estate not Involved in Foreclosure Proceedings.*—*Cancellation of Mortgage.*—*Judgment.*—*Quieting Title.*—Where, in a foreclosure proceeding, judgment is rendered for the defendant on a cross complaint which prays the cancellation of the mortgage, and that his title be quieted in respect thereto, the case is not one which involves the title to real estate in such sense that a new trial as a matter of right should be allowed.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellant.

*F. M. Trissal*, for appellees.

MITCHELL, J.—The facts involved are stated in *Sterne* v. *Vert*, 108 Ind. 232. The appellant having obtained a decree foreclosing a mortgage upon two of three separate parcels of land, it was there held that, having sold the tracts upon which she had obtained the decree, she was thereby estopped from prosecuting an appeal to this court to secure a reversal of the judgment as to the third tract, in respect to which the decree was adverse to her.

After the appeal was dismissed, the appellant, having filed the proper undertaking for costs within a year from the rendition of the original judgment, moved the court for a new trial as a matter of right, in respect to the judgment quieting the appellees' title as against the mortgage on the forty-acre tract.

The defendants appeared in the court below by their guardian *ad litem*, and were permitted to show, in opposition to the motion and application for a new trial as a matter of right, that since the rendition of the original judgment and decree, the plaintiff, by virtue of the decree in her favor, had sold two of the tracts of land involved in the litigation, and that she had realized from such sale ten hundred and fifty dollars, which had been credited upon the decree. The court thereupon overruled the motion for a new trial. From this ruling the appeal now before us is prosecuted.

The appellees have appeared in this court, and by an answer bring upon the record substantially the facts exhibited to the court below, which are, in substance, the same as those upon which the former appeal was dismissed. Upon the facts so brought forward, they again move to dismiss the appeal.

The record before us shows the facts, and the same reasons which induced the former dismissal are operative to produce a like result upon the motion now made.

It may be well to remark, the suit having been brought for the foreclosure of a mortgage, and the cross complaint having asked nothing more in effect than the cancellation of the mortgage in suit, and that the cross complainant's title

should be quieted in respect to the mortgage, that the case was not one which involved the title to real estate in such sense that a new trial as a matter of right was allowable.     *Voss* v. *Eller*, 109 Ind. 260.

The appeal is dismissed, at the appellant's costs.

