No. 13,741.

## LIGGETT ET AL. *v.* HINKLEY.

NEW TRIAL.—*As of Right.*—*Action to Set Aside Conveyance of Real Estate.* —*Judgment Lien.*—Where a creditor seeks to set aside a conveyance of real estate in order to subject it to a prior judgment lien, asserting that his debtor is the real owner, the title to the land having been fraudulently taken in the name of another, the debtor is not as of right entitled to a new trial, the title to the land being involved only collaterally.

From the Fulton Circuit Court.

*S. Keith, J. D. McLaren* and *E. C. Martindale,* for appellants.

*A. C. Capron* and *M. R. Smith,* for appellee.

MITCHELL, J.—This was an action by Mary Hinkley against Jane Liggett and James W. Liggett to set aside a conveyance of certain real estate, and to subject the land to the lien of a judgment theretofore recovered by the plaintiff against the defendant Jane Liggett.

It is averred in the complaint that Jane Liggett paid the purchase-price of the land out of her own means, and that she caused the conveyance to be taken in the name of her son, James W., who paid no part of the consideration, and that this was done with the fraudulent intent, participated in by both the vendor and vendee, to cheat, hinder, and delay the creditors of Jane Liggett, and particularly to put the property beyond the reach of the plaintiff's judgment.

There was a judgment for the plaintiff upon an issue made by the general denial, and a decree subjecting the land to the plaintiff's judgment.

The only question involved in this appeal is the propriety of the ruling of the court in refusing the defendants a new trial as a matter of right, they having made due application therefor in the manner prescribed by the statute.

The plaintiff asserted no claim of title or right to the possession of the land. The action was by a creditor, who. asserted that his debtor was the real owner, and that the title to the land had been fraudulently taken in the name of another, who held it in trust for the creditors of one of the defendants. In such an action the losing party is not entitled to a new trial as a matter of right, because the title only comes in question collaterally and as a mere incident. *Perry* v. *Ensley,* 10 Ind. 378; *Shular* v. *Shular,* 56 Ind. 30, and cases cited.

It is only where the plaintiff claims a subsisting interest in land, and a right to the possession, or a right to have the title quieted as against another claiming an adverse title, that the statute regulating new trials as a matter of right applies. *Benner* v. *Benner,* 10 Ind. 256 ; *Gullett* v. *Miller,* 106 Ind. 75; *Kreitline* v. *Franz,* 106 Ind. 359.

Where the purpose of the action is merely to enforce or cancel a lien, encumbrance, or contract, the statute does not apply. *Williams* v. *Thames, etc., Co.,* 105 Ind. 420 ; *Voss* v. *Eller,* 109 Ind. 260.

The judgment is affirmed, with costs.

