Rariden, Administrator, v. Rariden.

Filed Oct. 14, 1891.

———————◆———————

No. 15,229.

RARIDEN, ADMINISTRATOR, v. RARIDEN.

NEW TRIAL.—*As of Right.—Foreclosure of Mortgage.*—In a suit to foreclose a mortgage, brought by the assignee thereof, where the only question involved is as to the right of such assignee to foreclose the mortgage notwithstanding a release executed by the assignor, the ownership of the land is not in controversy, and the unsuccessful party is not entitled to a new trial as of right.

SAME.—*Special Verdict.*—Such a suit is triable by the court, and it is not bound by the facts stated in the special verdict, which is merely advisory.

From the Howard Circuit Court.

*J. S. Scobey*, for appellant.

*J. A. Swoveland, J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon*, for appellee.

ELLIOTT, J.—The appellant seeks by his complaint to foreclose a mortgage executed to Moses Wilson and by Wilson assigned to the appellant. The mortgage was executed by Wilson T. Rariden. The appellee subsequently became the owner of the mortgaged premises. The complaint alleges that the original mortgagee, Moses Wilson, after the assignment to the appellant, executed a release of the mortgage, which he caused to be recorded. A cross-complaint was filed by the appellee, in which she asserted title, and asked that it be quieted against the lien of the appellant. The court directed a special verdict, and one was returned pursuant to that direction. The verdict shows the execution of the mortgage, shows ownership of the land in the appellee ; shows, also, the execution of a release by the original mortgagee, Moses Wilson. The appellant unsuccessfully moved for a new trial as of right.

It is clear that the trial court did not err in denying the motion of the appellant for a new trial under the statute. There was no controversy as to the ownership of the land ; the real controversy was as to the appellant's right to enforce the mortgage notwithstanding the release executed by his assignor. He asserted no other right than that, and all the pleadings of the appellee were directed to a defeat of that right. Both parties claim under Wilson T. Rariden, he was the common source of the rights asserted, and the issue tried and determined was simply as to the right of appellant to enforce the mortgage.

It may be possible that the decree rendered is too broad, but in so far as it decrees that the title of appellee is superior to the lien of the mortgage sought to be foreclosed it is correct. If, however, it were erroneous, it would not entitle the appellant to a new trial under the statute. The object of the suit was to foreclose a lien, and the real contest was as to the right to enforce the lien, and it is well settled that such a case is not within the statutory rule. *Jenkins* v.

---

*Corwin*, 55 Ind. 21; *Williams* v. *Thames, etc., Co.*, 105 Ind. 420; *Voss* v. *Eller*, 109 Ind. 260; *Sterne* v. *Vert*, 111 Ind. 408; *Bradford* v. *School Town, etc.*, 107 Ind. 280; *Wilson* v. *Brookshire*, 126 Ind. 497; *Gullett* v. *Miller*, 106 Ind. 75.

The suit was one for trial by the court, and it was not bound by the facts stated in the special verdict, for that verdict was merely advisory. *Platter* v. *Board, etc.*, 103 Ind. 360; *Koons* v. *Blanton, post*, p. 383. The question, therefore, as to the correctness of the decision of the court is not in the record.

If, however, we should treat the case as an ordinary action at law, it would do the appellant no good. There was no motion directed against the verdict, nor any motion to modify the decree. The motion for a new trial did not assail the verdict nor the decree. The evidence is not in the record, and no question is presented upon the motion for a new trial for cause.

Judgment affirmed.

