Pool *et al. v.* Davis *et al.*

No. 16,243.

POOL ET AL. *v.* DAVIS ET AL.

PLEADING.—*Cross-Complaint.—Construction of.—Mortgage Deed.—Security of Wife for Husband.—Parties, Heirs or Administrator.*—A. and B. agreed to exchange lands. A. was indebted to C., and by agreement between A. and his wife, and B. and C., B., in making the exchange deed, deeded one hundred acres to A.'s wife, and three hundred and eleven acres to C., as security for the indebtedness from A. to C. A. and his wife thereafter procured B. to convey to A.'s wife the three hundred and eleven acres conveyed to C. as security. A.'s wife brings suit to quiet her title to all of said land. C. having died intestate, his heirs, treating the deed as a mortgage, seek, by cross-complaint, to have it foreclosed to pay said indebtedness.

*Held,* that the cross-complaint, in substance as the facts above set out, can not be construed as showing that the mortgage deed securing the husband's debt included land of the wife, making her security for her husband, and therefore void.

*Held,* also, that an objection that the cross-complaint was not by an administrator of C.'s estate, instead of by C.'s heirs, is untenable.

SPECIAL FINDING.—*Deed.—Execution of.—Delivery.*—A finding that a deed was executed includes the facts that the deed was written, acknowledged and delivered.

NEW TRIAL.—*As of Right.—When Not Allowed.*—Where, upon the issues adjudged against a party, no question of title is involved, a new trial as of right is not given by statute.

From the Starke Circuit Court.

*H. R. Robbins,* for appellants.

*A. J. Gould* and *J. W. Nichols* for appellees.

HACKNEY, J.—This action was by the appellant Pawlawna Pool, by complaint in the usual form, to quiet the title to a tract of three hundred and eleven acres, in Starke county, as against the appellees. The appellees answered in general denial; and, by a cross-complaint in two paragraphs, sought affirmative relief against said Pawlawna Pool and her husband, Robert L. Pool.

The first paragraph of cross-complaint alleges, that in

January, 1879, Robert L. Pool owned a farm in Ohio; that one Goodheart owned four hundred and eleven acres in Starke county, Indiana, of which the three hundred and eleven acres here involved were a part; that at the same time, said Robert L. Pool was indebted to Charles Davis, as evidenced by his promissory note, in the sum of twelve hundred dollars; that the said Pool and Goodheart exchanged their said lands, and, by agreement between the appellants, and said Charles Davis and said Goodheart, one hundred acres of the Starke county lands were conveyed by Goodheart to Pawlawna Pool, and the remaining three hundred and eleven acres were conveyed to said Davis, as security for said twelve hundred dollars indebtedness, and for no other purpose; that said Davis paid certain taxes on the lands so conveyed to him; that the appellants thereafter, and by false representations, procured Goodheart to make to Pawlawna Pool the deed under which she claims title to said three hundred and eleven acre tract.

It is also alleged that said Charles Davis departed this life intestate, leaving the appellees as his only heirs at law, and leaving no indebtedness whatever, and that his estate had not been administered upon, but that said indebtedness and security became their property by virtue of such heirship.

Treating said deed as a mortgage, it is asked that the same be foreclosed in the amount of said indebtedness, with interest, and Robert L. Pool is impleaded.

The second paragraph of cross-complaint is of the same character as the first, and pleads another indebtedness as a part of that secured by the deed to Davis, but, as the court's findings are manifestly upon the first paragraph of cross-complaint, it is unnecessary to further notice said second paragraph.

It is insisted that the first paragraph of cross-complaint

was insufficient, and that appellants' demurrer should have been sustained, to it, first, because, as claimed, it was apparent that the deed was executed to secure a debt of the husband, Robert L. Pool, and included the land of the wife, which gave her the position of surety; second, because the cross-action is not by an administrator of the estate of Charles Davis.

The cross-complaint will bear no such construction as that contended for, as will appear from the synopsis we have given of it. It treats the land as that of the husband, whose debt is secured. The misconstruction of the cross-complaint can only be excused by a possible grafting of the theory of the appellants' answer, setting up a purchase by Pawlawna, her coverture, and the consequent suretyship of pledging her lands to secure the debt of her husband.

As to the second objection to the cross-complaint, we regard it as equally untenable. *Salter* v. *Salter*, 98 Ind. 522, and cases there cited.

In the special finding, asked by the appellant Pawlawna Pool, the court finds, in detail, the facts pleaded in said first paragraph of cross-complaint, and that the balance owing upon the indebtedness of Robert L. Pool to Charles Davis is $1,425.39.

Upon such facts, the court concludes that the appellees should maintain a lien, in said sum, against said lands, senior to the title of said Pawlawna Pool, and that said Pawlawna should otherwise have her title quieted. No exceptions were taken to the conclusions of law, and the further questions made in this court arise upon the overruling of motions for a new trial as for errors occurring upon the trial, and as of right under the statute, R. S. 1881, section 1064.

The first cause assigned for a new trial was that the findings of the court are not responsive to the issues.

Without considering whether this assignment is known to our practice as a cause for a new trial, we unhesitatingly conclude that the cause is not well founded in fact, and that the findings in no respect depart from the issues as made upon the complaint and cross-complaint. It may be true, as argued, that Davis could not take from Goodheart or Robert L. Pool a lien upon the land of Pawlawna Pool, but under the cross-complaint it was an issue that Robert L. Pool exchanged his lands for the tract in suit; that with the knowledge at least of Pawlawna the deed was made to Davis, and that by fraudulent representation Pawlawna's deed was procured long thereafter. When the appellees concede that the title of their ancestor was only a security, it was not for them to question the ownership of Pawlawna further than to show that it was with knowledge of, and subject to, the lien of Davis. It was not necessary, as argued, that they should set aside her deed, nor to show that she received the conveyance without consideration, a fact which, however, is expressly found by the court, and also appears by the fact that the consideration was the land and the note of Robert L. Pool. After such concession, by the averments of the cross-complaint, the burden of the issue, and the only contested ground, was that made by the cross-complaint and the answers thereto, namely: was there a debt? had it been paid? was Pawlawna surety for such debt?

In rebuttal testimony, Pawlawna Pool offered to introduce the evidence of her husband, Robert L. Pool, to which objection was made by the appellees, and the objection was sustained. The record discloses no question to, or offer to prove by, the witness, and the competency of the witness, or the relevancy of his evidence, is not argued. It is urged that the proper questions were asked,

and steps taken to save the ruling, but that the court misstated the action by the bill of exceptions.

The bill of exceptions, as the appellant brings it to us in the record, is the only source to which we can refer for the adjustment of differences of this character. The objection stated is as to the competency of the witness, and not as to the admissibility of his evidence, and usually no offer to prove is necessary. *State, ex rel.,* v. *Thomas,* 111 Ind. 515. But as the appellant has not discussed the question as an error, but has been content to criticise the claimed action of the court in misstating the action had, we can not review the ruling, and it is treated as waived.

One of the findings of fact is that Goodheart executed a deed to Davis for the 311 acres of land, and the appellant attacks this finding, first, as not equivalent to a finding of a delivery of the deed, and, second, because there is no evidence of a delivery of the deed to Davis. The issue as to delivery was made by the answer to the cross-complaint in pleading the nondelivery of the deed, and any burden of this issue, beyond the proper presumptions from possession, rested upon the appellants. If the burden is not discharged, the appellant can not charge the fact to the weakness of the appellees, case. Contrary to the contention of appellants, it is our opinion that the finding of the execution of the deed includes not only the writing and acknowledging of the deed, but also its delivery. While the evidence is meager, it does show that Davis had the deed in possession, and procured the recording of it. From this fact delivery is presumed, and the absence of evidence to the contrary will not strike down this presumption. As to the weight and credibility of the evidence of delivery and of nondelivery, the lower court having passed upon it, we can not disturb the finding.

In discussing the alleged error in overruling the motion for a new trial, because the finding was contrary to law, the appellant's counsel devotes much space in his brief, but his argument is upon the false assumption that the transaction between Goodheart and the Pools made Pawlawna Pool the owner of the 311 acre tract of land as against Charles Davis.   The facts found not only show that the equitable title to the land was in Robert L. Pool when the deed was made to Davis, he having purchased it in his own right, and having paid for it from his own resources, but that the deed to Pawlawna was procured by gross misrepresentation, which, if permitted to prevail, would amount to an unconscionable fraud upon Davis. As against Davis, it is not only not her land, but she has no cause for complaint that he or his heirs did not seek to set aside the deed to her.   Upon this false assumption, counsel has further built a structure for her relief, in the contention that a mortgage of her lands constituted her a surety for her husband, and that therefore the mortgage was void.   There is no claim, under the pleadings, that she did not join in the mortgage, and that, treating the lands as belonging to her husband, her inchoate interest in the land should be protected against the claim of Davis.   Without intimating an opinion upon such a condition, we would feel that such a claim by her would possess more merit than the claim here insisted upon.

Finally, it is contended that the court erred in overruling the motion for a new trial as a matter of right.

Upon the issue of the complaint, the plaintiff succeeded.   By the theory of the cross-complaint, the claim of title by the plaintiff was conceded.

As we have already said, the only issue controverted upon the trial was as to the existence of a mortgage lien prior to conveyance to the plaintiff.   The judgment was

in favor of the title alleged in the complaint, but in favor of the mortgage sought, by the cross-complaint, to be foreclosed.

Upon the issue adjudged against Mrs. Pool, no question of title was involved. That issue embraced a substantive cause of action, in which a new trial, as a matter of right, is not given by the statute.

In *Wilson* v. *Brookshire*, 126 Ind. 497, it is said: "The rule is that where a cause proceeds to judgment, which embraces a substantive cause of action, in which a new trial as a matter of right is not allowable, then even though it embraces other causes in which a new trial as of right is allowable, the policy of the law is to regard the cause of action as controlling in which a second trial as of right is not permitted. *Bradford* v. *School Town, etc.*, 107 Ind. 280; *Butler University* v. *Conard*, 94 Ind. 353. Notwithstanding the cross-complaint in which one of the appellants asked to have his title quieted, there were other substantive causes of action embraced in the judgment, upon which a new trial as of right was not allowable."

In the separate brief of Robert L. Pool, the sufficiency of the cross-complaint as to him is attacked for some of the reasons urged by Pawlawna Pool, which have been considered by us.

It is further contended that the cross-complaint is bad because the items of taxes alleged to have been paid by Davis were not properly covered by the mortgage. Even if this were true, the pleading would not be bad for having included such items. The only objection to the items, either as a part of the pleading or as included in the judgment, is by demurrer to the pleading.

An entry on the back of the note sued on in the cross-complaint was as follows: "January 5, 1882, received a deed for three hundred and eleven and thirty-three one-

hundredths acres of land, in the county of Starke, State of Indiana, the west half of section four, in township thirty-four, range one."

This, it is urged, showed a payment of the note, and, therefore, no cause of action was alleged. This contention has no merit, as it is apparent that the entry is but a memorandum of the transaction and not as a payment; but if a payment, we are unable to say that the value of the land, actual or estimated, was equal to the indebtedness. This entry was not made part of the pleading by any reference. The question of payment arose upon the answers, and the burden rested with the appellants.

The theory of the case, as the parties made it and tried the cause, was that the land never passed to Davis; and it can not now be claimed that a different theory shall prevail.

We find no error in the record, and the judgment of the circuit court is affirmed.

