Roeder v. Keller.

## No. 16,433.

## ROEDER v. KELLER.

EXCEPTION TO DECISION OF COURT.—*Time of Taking.—Conclusions of Law.*—Exceptions to conclusions of law must be taken at the time the conclusions are announced, or objections thereto will be waived; four days after conclusions of law are made, and after a motion for a new trial has been made, being too late to except to the conclusions.

CONCLUSION OF LAW.—*When Appellant Will not be Heard to Complain.*—Where a conclusion of law is such that, whether right or wrong, it could not prejudice the rights of the appellant, he is in no position to complain of it.

NEW TRIAL.—*As of Right.—When Allowable.*—A new trial as of right is not allowable, where the question of title is merely incidental to the substantive cause of action in which a new trial as of right is not permitted,—as in an action for subrogation.

JUDGMENT.—*Motion to Modify.—Lien-Holder.—Priority of Liens.*—A judgment fixing the priority of liens can not be so modified, on motion of one of the junior lien-holders, that any amount left after payment of the paramount lien should be turned over to the holder of such junior lien, he only having a right in common with the other lien-holders, to the payment of the liens in the order of their priority.

STATUTE OF LIMITATIONS.—*Six Years.—Subrogation.—Decedent's Estate.*—In an action for subrogation, where the complaint alleges that the plaintiff paid the judgment to which he asks to be subrogated, more than six years before, and that within six years therefrom the debtor died, and alleging the substitution of the personal representative as required by section 298, R. S. 1881, the complaint is not demurrable on the ground of six years' limitation.

From the Vanderburgh Superior Court.

*J. G. Owen* and *G. A. Hoff*, for appellant.

*A. Dyer*, for appellee.

HOWARD, C. J.—The facts in this case, as found by the court, are briefly:

That on the 8th day of September, 1879, Theodore Roeder, husband of appellant, was the owner and in possession of certain lots, named, in the city of Evans-

Roeder *v.* Keller.

ville; that on said day he executed to appellee his promissory note for $465, due in four months after date, with interest at eight per cent. after maturity, which note, on the 19th day of September, 1879, he secured by mortgage on said real estate; that, prior to the execution of said note and mortgage, two judgments had been recovered against said Roeder, which were liens upon said land; that on June 24, 1880, said lots were sold by the sheriff for $587.62 to Elias and August J. Weber, to satisfy executions issued on said judgments.

The sheriff issued to said purchasers a certificate of sale on receiving from them $400 cash, being the amount needed to satisfy the execution and costs, and receiving, also, from Roeder a receipt for the remainder of the amount of the bid, $187.62, Roeder at the same time having claimed his exemption as a resident householder of the State; that on the 29th of June, 1880, the Webers assigned their certificate of purchase to James L. Orr, under an arrangement with Roeder that Orr would take the certificate as security for the $400 paid by him for the certificate, with interest at eight per cent.

Orr signed an agreement to assign said certificate to Charles Roeder, son of Theodore, within one year, on payment of said $400 and interest; that Charles Roeder did not pay Orr said $400, and no assignment was ever made to him, but the certificate was retained by Orr until the 22d day of November, 1890, when he presented it to the sheriff and received a deed for the lots. During the time he held the certificate, he received interest on the $400, at eight per cent., or $32 per annum, nine such payments being made by Theodore Roeder in person.

On November 4, 1890, Orr conveyed his interest in said real estate to the appellant, Louisa Roeder, for the amount due him on said certificate, being $400, with in-

terest from June 29, 1890; that Theodore Roeder continued in the possession and ownership of said lots, using them as a home for himself and family until his death, November 30, 1889, when he died leaving the appellant surviving him as his widow, who has continued to occupy the real estate as her home until now; that, at the time of the execution of appellee's note and mortgage, the said Roeder was indebted to him for $100 only, but that the note and mortgage were made for $465 by Roeder to protect his property against his creditors, and in fraud of their rights, and was received by the appellee, he knowing the fraudulent purpose of said mortgagor in making such note and mortgage for a larger sum than due, but that such fraud did not affect the claim held by the appellant, the same being a prior lien on said real·estate, and recognized as such by her husband; that there is due appellee on said note and mortgage $100, with interest at eight per cent. from January 8th, 1880, with five per cent. attorney's fees, making in all $203.35; that said Roeder had allowed said real estate to become delinquent for taxes, and the treasurer of Vanderburgh county, on the 13th day of September, 1880, sold the same to Josiah Locke for $161.37, the amount of taxes then due.

On January 7, 1885, the said Locke recovered judgment against said real estate for $438.40, and a lien was given him upon said lots for that sum, as the amount of all taxes, interest, and charges thereon to that date, besides $14.40, paid by said Locke; that on January 9, 1885, appellee, at the request of said Roeder, paid said judgment and costs to said Locke, which sum has not been repaid to appellee, but there is now due him thereon, principal and interest, $620; that at the time appellee paid the amount of said lien to said Locke, appellee had a valid and subsisting lien on said real estate, by

virtue of his said mortgage, which was junior to the lien of said judgment lien in favor of said Locke; that the appellant, as the surviving wife of Theodore Roeder, is the owner of, and entitled to, the undivided one-third of said real estate, inasmuch as she did not join her husband in the execution of appellee's mortgage, nor was she a party to the suits which resulted in the sale to said Webers.

From the finding of facts the court concluded the law to be:

1. That the certificate of purchase, in the hands of James L. Orr, entitled him to hold a lien on the said real estate for $400 and interest, but that the taking of a deed from the sheriff did not pass to him the title to such real estate.

2. That the conveyance from the said Orr to appellant vested no title in her, but she became the owner of his lien under said certificate and sheriff's deed.

3. That appellee's mortgage was a fraud upon the creditors of Theodore Roeder, and void against all creditors sought to be defrauded thereby.

4. That as against the claim of appellant, said mortgage is not void, as such fraud was not intended to affect, and did not affect, appellant or either of the parties through whom she claims.

5. That appellee's mortgage is a valid lien upon the undivided two-thirds of said real estate, but inferior to the lien of appellant acquired through Orr.

6. That appellee had the right to pay the Locke judgment, for the protection of his lien, such judgment being a superior lien to his mortgage, and the payment of such judgment did not satisfy it, but kept it in force for the benefit of appellee; that the same is the first lien upon the whole of said real estate, but that if two thirds of it will satisfy such judgment only that much should be sold.

7. That the undivided two-thirds of said real estate are chargeable with liens in the following order, to wit: First, the Locke judgment; second, the claim of appellant under her conveyance from Orr; third, the mortgage of appellee. And said undivided two-thirds of said lots should be sold to satisfy such liens in the order stated.

The fourth assignment of error is that the court erred in its conclusions of law upon the findings of facts. The record, however, shows that no exceptions were taken to the conclusions at the time they were made, nor for several days after, other motions also intervening. The findings of facts and the conclusions of law thereon were made on October 14, 1891. The record discloses no other action of the court until October 19, 1891, when a motion was entered by appellant for a new trial. Afterwards, on the same day, exceptions were made by appellant to the conclusions of law. The exception to the conclusions of law should be made at the time. Section 626, R. S. 1881; Elliott's App. Proced., section 793, and authorities there cited. *Hull* v. *Louth, Guar.*, 109 Ind. 315.

This assignment is waived, also, by the failure to discuss it in the brief of appellant, except as to the fourth conclusion of law, holding that, as against appellant, the mortgage of appellee was not fraudulent. Counsel for appellant endeavor to show, by the evidence, that this conclusion is incorrect. But it would seem clear enough that, as this mortgage was junior to appellant's claim, it could not affect that claim, and, hence, that appellant could not be harmed by such conclusion. The court finds appellant's claim a superior lien to appellee's mortgage. Appellant could not secure any greater advantage, in this respect, by any ruling which the court might make. Other creditors might complain of the fraud of

appellee's mortgage, but appellant is in no position to do so.

Counsel contend that a new trial as of right should have been granted, for the reason that appellant filed a cross-complaint asking that title to the land in question be quieted in her. If that had been the issue tried by the court, the contention of counsel might be good. The issue made by the complaint, and that decided by the court, was appellee's right of subrogation to the tax lien judgment, and the respective rights of the other lien-holders. Appellant's ownership of the undivided one-third of the real estate in controversy was not disputed, and her claim to the remaining two-thirds was but an incident, not a main issue of the trial. We have recently considered this question, in the case of *Richwine* v. *Presbyterian Church of Noblesville*, 135 Ind. 80, 34 N. E. Rep. 737, and it was there decided, following *Wilson* v. *Brookshire*, 126 Ind. 497, that where a cause proceeds to judgment, which embraces a substantive cause of action, in which a new trial as a matter of right is not allowable, then, even though it embraces other causes in which a new trial as of right is allowable, a new trial as of right will not be granted. A new trial as of right is not allowable in case of subrogation. It is not the policy of the law to enlarge the statutory privilege of a new trial as of right, to cases where the question of title is merely incidental.

The court entered judgment in accordance with the conclusions of law, ordering the undivided two-thirds of the real estate to be sold to pay the liens, in their order as found by the court. As the first lien, being for taxes, rested upon the whole of the land, the court directed that in case the undivided two-thirds would not sell for sufficient to pay this lien, the whole of the land should be sold; and, after paying the paramount tax lien, that

one-third of the remainder should be paid to appellant, and the remaining two-thirds applied on the liens as before directed. This was clearly right, and appellant's motion to modify the judgment so that in case the undivided two-thirds would bring sufficient to pay the paramount lien, then the remaining one-third should not be sold, is meaningless; the judgment, as modified in this particular, would be unchanged.

The motion to farther modify the judgment so that any amount left on sale of the two-thirds, after payment of the paramount lien, should be turned over to appellant, was also rightly overruled. By the findings and the conclusions of law, appellant had a right only in common with the other lien-holders, to the payment of the liens in the order of their priority, as found. There was no merit in either of these motions. The decree of the court was strictly equitable, and in accordance with the facts and the law.

The second paragraph of the answer to the first paragraph of the complaint was a plea of the six-years' statute of limitations. To this paragraph of answer the court sustained a demurrer. The ruling was correct. It is true that the paragraph of the complaint was for subrogation, to which the six-years' statute of limitations applies. *Arbogast* v. *Hays*, 98 Ind. 26.

But, in this case, the first paragraph of the complaint shows that Theodore Roeder, for whom appellee paid the judgment to which he asks to be subrogated, died within six years after payment of the judgment by appellee. In such case, the statute, section 298, R. S. 1881, extends the time within which the action may be brought, for eighteen months after the death of the person liable in the action, and his personal representative may be substituted for him, as the paragraph of complaint alleges was done in this case. The answer was, therefore, in-

sufficient.   *Knippenberg, Exec.,* v. *Morris,* 80 Ind. 540;
*Epperson* v. *Hostetter, Admr.,* 95 Ind. 583.

We find no error in the record.

The judgment is affirmed.

Filed Dec. 22, 1893.