## STUDABAKER v. ALEXANDER.

[No. 21,054. Filed December 11, 1912. Rehearing denied January 29, 1913.]

1. . NEW TRIAL.—*New Trial as of Right.—Effect of Subsequent Trial Without Ruling on Motion for New Trial.*—Although, in an action where a new trial as of right is authorized, the act of the parties, in proceeding with another trial of the cause without any action by the court granting the motion for a new trial as of right and vacating the judgment, and without objection, would

amount to a waiver of the irregularity, the retrial of a cause under such circumstances in an action where a new trial as of right cannot be had, would be without jurisdiction and void. p. 191.

2. APPEAL.—*Void Judgment.—Dismissal.*—A judgment in the retrial of a cause on a motion for a new trial as of right, in an action where a new trial as of right cannot be granted, is void, and an appeal from such judgment must be dismissed. p. 192.

3. NEW TRIAL.—*New Trial as of Right.*—Owing to the anomalous character of §1110 Burns 1908, §1064 R. S. 1881, providing for a new trial as of right, without cause, in actions to recover the possession of real estate and to quiet the title to real estate, the right thus conferred is strictly limited. p. 192.

4. NEW TRIAL.—*New Trial as of Right.*—Where, in an action to quiet title, the defendant filed a cross-complaint admitting plaintiff's title and seeking to enforce a lien against the real estate, the action was not within the provisions of §1110 Burns 1908, §1064 R. S. 1881, providing for a new trial as of right, without cause, in actions to recover the possession of real estate and to quiet title to real estate, since the only issue to be determined was that of defendant's right to the enforcement of his alleged lien. (*Island Coal Co.* v. *Streitlemier* [1894], 139 Ind. 83, 37 N. E. 340, disapproved. *Bisel* v. *Tucker* [1889], 121 Ind. 249, 23 N. E. 81, distinguished and limited.) p. 195.

From Wells Circuit Court; *J. H. C. Smith*, Special Judge.

Action by Della M. Studabaker against Charles W. Alexander. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1394, subd. 2, Burns 1908, Acts 1901 p. 565, §10.) *Appeal dismissed.*

*Mock & Sons*, for appellant.

*Abram Simmons* and *Frank C. Dailey*, for appellee.

Cox, J.—Appellant instituted an action against appellee, by complaint in the ordinary short form, to quiet her title to certain real estate. Appellee answered by general denial and he also filed a cross-complaint. In this cross-complaint the title to the real estate was admitted to be in appellant, but facts were alleged showing that appellee was the holder of a lien for taxes through a sale for delinquency by the county treasurer, as evidence of which he held the

certificate of the county auditor. The affirmative relief sought by appellee in his cross-complaint was that his lien be declared and enforced against the land by sale. The trial resulted in a finding in favor of appellant as to her title and in favor of appellee as to his lien. A decree was entered giving to appellee judgment for the amount of his lien and ordering that upon default in the payment thereof by appellant, the real estate involved be sold, the proceeds applied to the satisfaction of the lien, and the overplus paid to appellant. This trial was had before, and the judgment rendered by, a special judge. Within the proper time appellant filed a motion for a new trial as a matter of right and the bond for costs as provided in §1110 Burns 1908, §1064 R. S. 1881. This bond was approved and thereafter the special judge, who had presided at the trial, resigned his jurisdiction of the cause. Subsequently another special judge was designated to try the case and another trial was had without any action having been taken on the motion for a new trial and without objection by either party. At the conclusion of this trial a judgment substantially the same as the former one was rendered and from it this appeal is brought. Numerous errors, alleged to have been committed during the second trial, are assigned as causes for reversal.

It is the contention of appellee that the last judgment was void, and that alleged errors committed in reaching it cannot be considered, for the reason that the record

1. shows that the prior judgment has not been appealed from or vacated. On the other hand appellant insists, that while no action was taken by the court on the motion for a new trial as of right granting it and vacating the former judgment as provided by the statute, there was no discretion but to grant it, and that, as the parties proceeded to another trial without objection, the record should

be considered as if the former judgment was vacated and the parties held to have waived all objections to proceeding with the last trial. It will readily be conceded that if appellant was entitled to a new trial as of right under the statute the failure to vacate · the former judgment was merely irregular and erroneous and the parties could properly be held to have waived the erroneous irregularity by proceeding without objection with a retrial. If, on the contrary, appellant was not entitled to a new trial as of right, the court was without power to vacate the former judgment on a motion to make way for such a new trial. In such case it would be without jurisdiction to act and its lack of jurisdiction could not be waived by the parties. When the former judgment was rendered, if appellant was not entitled to a new trial as of right, it terminated the cause and was conclusive of the matters involved unless set aside for cause or appealed from. And a subsequent retrial without vacating that judgment would be

2. *coram non judice* and void. This being so this court would not be warranted in considering errors alleged to have been committed during the trial resulting in the last judgment. An affirmance of a void judgment would not be permissible and a reversal would not be proper, for further proceedings could not be taken. It is apparent, therefore, that if appellant was not entitled to a new trial as of right under the statute the appeal must be dismissed. *Jenkins* v. *Corwin* (1876), 55 Ind. 21.

The provision for a new trial as of right, without cause, in actions to recover the possession of real estate and to quiet title to real estate which is found in §1110,

3. *supra,* is an anomalous one. It was not a right given by common law practice and it has been given by statute in but few states with our own. It probably came remotely from the old English idea of the sacredness of land, but, in view of modern methods for transferring and evi-

dencing transfers of real estate and keeping public records of land titles, the provision seems anachronistic. It is most difficult to see why there should be a new trial without cause in an action involving the possession or title of real estate of small value, and not in the many other actions involving far greater property interests as well as the liberty and life of the individual. For this reason, doubtless, the decisions of this court have generally strictly limited the right. It has been held that where the matter. actually in controversy and tried is merely to enforce or cancel a lien, incumbrance, or contract, a new trial as a matter of right under the statute may not be had. *Williams* v. *Thames Loan, etc., Co.* (1886), 105 Ind. 420, 5 N. E. 17; *Voss* v. *Eller* (1887), 109 Ind. 260, 10 N. E. 74; *Sterne* v. *Vert* (1887), 111 Ind. 408, 12 N. E. 719; *Liggett* v. *Hinkley* (1889), 120 Ind. 387, 22 N. E. 256; *Rariden* v. *Rariden* (1891), 129 Ind. 288, 28 N. E. 701; *Pool* v. *Davis* (1893), 135 Ind. 323, 34 N. E. 1130; *Roeder* v. *Keller* (1893), 135 Ind. 692, 697, 35 N. E. 1014; *Board, etc.,* v. *Plotner* (1897), 149 Ind. 116, 48 N. E. 635.

In the case of *Williams* v. *Thames Loan, etc., Co., supra,* the action was of a dual nature, the complaint seeking to quiet title, or, if that relief could not be had, then to enforce a lien for taxes. There was an admission of record which affirmatively showed that no question of title or possession was involved in the case and it was held that a new trial as of right could not be granted.

The complaint in the cause of *Voss* v. *Eller, supra,* set out the facts and prayed that the plaintiff's title be quieted. The court construed the complaint to be one to have a deed declared a mortgage and to procure its cancellation and held that the prayer for quieting title was not controlling. The action, it was held, did not involve the title to land to any greater extent than title is involved in any other suit to declare a mortgage satisfied and to procure its cancella-

tion, and a new trial without cause was held to have been properly refused.

In *Rariden* v. *Rariden, supra,* the complaint was to foreclose a mortgage. A cross-complaint was filed by the defendant in which title was asserted to be in her and which prayed that it be quieted. It was held that the real controversy was as to the plaintiff's right to enforce his mortgage lien against the real estate and not over the ownership of it, and that as the defendant's pleadings were directed to a defeat of that right no new trial as of right could be had.

In the case of *Roeder* v. *Keller, supra,* the appellee sued to be subrogated to and to enforce a tax lien against real estate. The appellant filed a cross-complaint to quiet title. Her title was not disputed and the only issue controverted was appellee's right to subrogation and the enforcement of his lien against the real estate. It was held that a new trial as of right was properly denied.

The case of *Pool* v. *Davis, supra,* was an action to quiet title brought by plaintiff by complaint in the usual short form. The defendant answered by general denial, and by a cross-complaint asking affirmative relief, but by the theory of which the plaintiff's title was admitted. The judgment was in favor of plaintiff as to her title, but in favor of the defendant upon the issue made upon his cross-complaint to foreclose a mortgage against the real estate involved. It was held that the title was not involved and that a new trial as of right was not allowable.

*Thompson* v. *Kreisher* (1897), 148 Ind. 573, 47 N. E. 1059, was an action for possession and to quiet title. The defendant disclaimed any estate or interest in the land. In holding that a new trial as of right was improperly granted it was said: ''There can be no new trial as of right, therefore, of any issue confessed, and the issue here confessed takes out of the case all inquiry as to title or interest in the

land. The issue so confessed is an essential issue in the class of cases wherein a new trial as of right is given. The confession reduced the issue to a mere inquiry as to whether the appellee was in possession, holding against the appellant to his damage."

In the case before us, as we have seen, the appellee in his cross-complaint expressly admitted appellant's title to the real estate involved. This rendered it unnecessary for appellant to produce evidence in support of her title and left the only issue to be determined that of awarding the affirmative relief demanded by him in his cross-complaint. This issue did not, except incidentally, affect the title and was not one upon which a new trial as of right may be had. If the complaint of appellant, instead of being the statutory short form, had pleaded the facts charging that appellee was the holder of a tax lien; that the same had been paid, and asking cancellation of it, and that her title be quieted, it would doubtless be conceded that the action would not be a proper one for a new trial without cause. This was in effect the issue tried and we can not see why a retrial should be had in the one case and not in the other. If, again, the appellee had brought an action to enforce his tax lien against appellant's real estate and appellant had by cross-complaint asserted that it had been satisfied and had prayed that it be so adjudged and cancelled and her title quieted against it, it would hardly be claimed that a retrial without cause might be had under the statute. To hold so would enable a defendant, in practically every action to enforce any lien, chattel interest or right affecting real estate, to nullify judicial sales made within a year from judgment and to prolong all such litigation for one year plus the time required for final disposition of a cause after the setting aside of the judgment, by the simple expedient of filing a cross-complaint to quiet

title. Such an addition to the law's delay would be intolerable.

The case of *Island Coal Co.* v. *Streitlemier* (1894), 139 Ind. 83, 37 N. E. 340, is not in harmony with what we have just said nor is it in harmony with the settled policy of this court not to extend the right of retrial without cause beyond the unequivocal grant of the statute and therefore cannot be approved as authority. *Bisel* v. *Tucker* (1889), 121 Ind. 249, 23 N. E. 81, may be distinguished from the case before us in that it does not appear in that case that the title of the plaintiff was admitted by the defendant as was done in this. And we do not think that it should be extended as authority beyond the facts of that case.

A part of appellee's lien was for general taxes and as to this it appears there was no question. A large part was the amount of ditch assessments extended on the tax duplicate as required by law and this, appellant contended, was excessive and that she had paid and tendered the just amount due, and this was the issue tried. As we have seen, appellant was not entitled to a new trial as of right and the judgment appealed from was void. The appeal is therefore dismissed.

NOTE.—Reported in 100 N. E. 10. See, also, under (2) 3 Cyc. 189; (3) 29 Cyc. 1034; (4) 29 Cyc. 1036.