HOUSTON *v.* HOUSTON.

When the admission of evidence has been objected to at the trial, but the grounds of objection do nòt appear to have been stated, it will be presumed that the evidence was properly admitted.

When the declarations of a party have been admitted at the trial in her own behalf as a part of the *res gestæ,* and the record does not profess to set out all the evidence, but discloses enough to show that if certain other evidence had been offered, the declarations would have been admissible, it will be presumed that such evidence was offered.

Alimony may be decreed to be paid in instalments.

It may also be made payable in a shorter period than that which is allowed by law for the stay of execution.

There may be a stay of execution on a decree for alimony as in other cases for the payment of money.

ERROR to the *Switzerland* Circuit Court.

Saturday,
May 28.

DAVISON, J.—This was a bill by the wife against her husband, for divorce and alimony. The cause alleged was cruel and inhuman treatment. He answered the bill, and also filed his cross bill, which she answered. Replications were filed to the several answers.

The cause was submitted on bill, cross bill, answers, and the testimony of witnesses.

Upon a final hearing, the Court dismissed the cross bill, granted a divorce, and rendered a decree in her favor and against him for alimony, 1000 dollars. The alimony was to be paid as follows: 250 dollars within thirty days from the date of the decree; 250 dollars within seven months; 250 dollars within thirteen months; and the residue, being 250 dollars, within nineteen months.

It appears from a bill of exceptions contained in the record, that upon the trial it was proved that at one time last winter, when the weather was cold and wet, the complainant came to the house of *Ann Patton,* in the town of *Vevay,* in the night-time. She appeared to be very cold, and was trembling. She had on her shoes but no stockings, and was partly in her night-clothes. The parties resided in *Vevay.*

That at another time during the same winter, *Ann*

*Patton* was at the house of the defendant, and in one room of the house, while complainant and defendant were in an adjoining room. There were no other persons in the house. Witness, *Ann Patton*, heard two slaps or strokes, which, from the noise, appeared to have been caused with some flat substance. The defendant came out of the room and passed through the room where witness was. Complainant then came into the room where witness was. Her face looked red and sunken. It was not so when she left the witness a few minutes before. That at another time in *July* last, the complainant came to the house of one *Dickson*, very early in the morning, in the town of *Vevay*. Her face appeared to have been scalded. It was red, and a short time afterward, the place blistered. There were tea-grounds in her hair, and it was wet. There was also a slight cut or bruise behind her ear.

That the defendant, on the next day after the complainant went to the house of *Ann Patton* in the night, sent his brother to complainant to say to her that he, the defendant, wished her to come home, and she should be better treated.

Thereupon the complainant proposed *to give in evidence* what she stated in the absence of the defendant to other persons, at the several times above referred to; to the introduction of which declarations as evidence the defendant objected; but the Court overruled the objection, and received and considered the declarations of complainant to prove that on the first occasion the defendant forcibly drove her out of his house in the night; and on the second, that he struck her with the bottom of a carpet-sack; and on the third, threw a tea-pot of hot tea at and struck her, and scalded her.

The plaintiff in error contends that the Court erred by overruling his objection to the evidence. The ground of objection does not appear to have been presented to the Court. And in accordance with repeated decisions of this Court, we must consider the evidence properly admitted.

. There is, however, another reason why the objection cannot be noticed. The record does not profess to set out all the evidence given in the cause. We will, therefore, in favor of the ruling of the Court, presume that the declarations were shown to have been so connected with the principal fact under consideration, as to make them a part of the *res gestæ*.

The Court that hears the case must, in the exercise of a sound discretion, determine upon the admissibility of such declarations when offered in proof, according to the degree of their relation to the principal transaction. 1 Greenl. Ev. s. 108. And not having before us all the evidence in the cause, we cannot say that, in this case, such discretion was improperly exercised.

It is further contended, that the Court had no power to direct the sum allowed as alimony to be paid by instalments, or that any part of said sum should be made payable in a shorter period than authorized for the stay of execution. We think this is a mistake. The allowance of alimony may be made for a gross sum, or payable by instalments. *Fischli* v. *Fischli*, 1 Blackf. 360, and n. 1. Nor is there any reason why the decree in this case should not, as other decrees for the payment of money, have been subject to a stay of execution.

*Per Curiam.*—The decree is affirmed, with 2 per cent. damages and costs.

J. G. *Marshall* and D. *Kelso*, for the plaintiff.

J. *Dumont*, for the defendant.

