VANCE *v.* COWING and Others.

When a demurrer specifically points out the causes upon which the party re-
lies, it cannot be enlarged to embrace other causes.

It is not necessary to obtain a judgment against an insolvent partner, before
proceeding against equitable assets belonging to the estate of a deceased
partner.

Where a party objects to a ruling of the Court, but does not follow up his ob-
jection by taking an exception to such ruling, the objection is waived.

*Thursday,*
*December* 15.

APPEAL from the *Fayette* Circuit Court.

HANNA, J.—The appellees sued the appellant and others, and averred, in their complaint, that, in *June* and *September,* 1851, *Walter* and *Andrew J. Crawford* became indebted to them, in the sum of about 375 dollars; that *Andrew J.* was then, and continued, insolvent; that, in 1854, *Walter* died, without leaving any property subject to execution, and that there is no administration on his estate; that the debt of plaintiffs remains unpaid; that before the creation of said debt, said *Walter* had bought of one *Merrill,* and paid for, a lot of land, described; that, in *November,* 1850, the deed was, by the direction of said *Walter,* executed to *Vance,* "in consideration of said purchase by said *Craw-ford,* for the purpose and to the intent that said *Vance* should hold said lot in trust for, and on account of, said *Crawford,*" and to be beyond the reach of creditors; that, in 1852, *Crawford* put permanent improvements, to the value of 700 dollars, on said lot; that, in 1854, said *Wal-ter* sold a part of said lot to one *Dickey,* for 2,050 dollars, and that the portion unsold is of the value of 600 dollars; that *Dickey* paid 1,050 dollars down, and gave two notes, of 500 dollars each, payable to said *Vance,* for the balance, and that the same are held in trust, &c.; that *Walter* left a widow and two children, &c.

*Vance, Dickey,* and the children of *Walter Crawford,* were made defendants; a judgment asked for the amount of the claim of plaintiffs, and that a decree should be ren-dered declaring *Vance* a trustee, and that *Dickey* pay into the clerk's office, of the 1,000 dollars due for the purchase

of said lot, a sum sufficient to pay the amount that might be found due said plaintiffs.

The defendants, other than *Vance*, were defaulted, and a guardian, &c., appointed, who answered for the minors.

*Vance* demurred to the complaint for two causes—

*First.* For a defect of parties, because the widow of *Walter Crawford* was not made a defendant.

*Second.* That the facts stated were not sufficient, in this, that a judgment against *Andrew J.*, the surviving partner, is not alleged to have been taken.

The demurrer was, as to the first cause, sustained, and overruled as to the second.

The plaintiffs then made the widow a defendant.

*Vance* answered, first, a general denial; second, by special denials, and, also, setting up that *Walter* had purchased the lot in 1846, and paid 250 dollars; that becoming unable to pay for it, judgment was obtained against him in 1850, upon which *Vance* became replevin bail; that *Walter* being unable still to pay said judgment, offered defendant the lot if he would pay the judgment; that he, being the father-in-law of said *Walter*, and so bound for the debt, did pay it, and receive the deed therefor; that he, *Vance*, paid for the improvements made, and sold the part of said lot to *Dickey*, and held the balance thereof and said notes as his own, and not in trust for any one.

To this there was a reply filed, in denial.

Trial by the Court; finding and judgment, over a motion for a new trial, for the plaintiffs, &c.

It is now urged that there is a want of proper parties; that the administrator of *Walter Crawford* should have been made a defendant, and, if there was none, it is a fatal defect.

The demurrer filed did not make this, to-wit, the failure to make the administrator a party, an objection, nor was it raised by answer; it was, therefore, waived, even if it could have been successfully urged at any time. 2 R. S. p. 38. When a demurrer specifically points out the causes upon which the party relies, it cannot be enlarged to embrace other causes not brought to the consideration of the

Nov. Term, 1859.

VANCE
v.
COWING.

Court. *Robinson* v. *Leach*, 10 Ind. R. 308. The complaint shows that no administrator had been appointed, and, in effect, that the decedent had no personal effects to administer upon. *Welborn* v. *Jolly*, 4 Blackf. 279.—*Bryer* v. *Chase*, 8 *id.* 508.

The second cause of demurrer is confined specially to the non-recovery of a judgment against the surviving partner.

This was not necessary, because it was averred that he was, and continued to be, insolvent. The prosecution of a suit, and recovery of a judgment, against him, could, therefore, have only resulted in increasing, by the accumulation of costs, the amount ultimately to be paid.

A general bill of exceptions was taken, in which all the evidence is set forth; and in regard to various parts of such evidence, the bill shows that sometimes one, and at other times the other, party objected to the introduction of evidence; but no exception to the ruling upon the point was then noted; and in the conclusion of the bill, the defendant, *Vance*, excepted to the finding of the Court, and to the overruling the motion for a new trial.

The plaintiffs now urge that, as the record does not show that the defendant disclosed the grounds of objection, where objection was made, to the introduction of the evidence received, nor specially except thereto, that such objection cannot be noticed here.

We are of opinion that the exception to the admission of the evidence does not appear in the record. A party may object to the admission of evidence, and afterwards abandon that objection; if he does not, at the time, except to the ruling of the Court upon the point made by the objection, he, in effect, waives his objection.

It is argued that the judgment is not sustained by sufficient evidence, and is contrary to law.

We think the evidence so strongly tends to sustain the finding of the Court, in reference to a resulting trust in favor of *Walter Crawford*, arising out of the transaction, that we cannot, under our repeated decisions, disturb the finding and judgment upon that point.

It is insisted that as the conveyance to *Vance* was made previous to the time the *Crawfords* became indebted to plaintiffs, it cannot operate in fraud of their rights. The plaintiffs do not, if we understand their position, rest their case upon any charge of fraud, but upon the ground that *Vance* is but a trustee of the property, and that the resulting or equitable interest of *Walter Crawford* in the same ought to be subjected to the payment of the debts of said *Crawford.*

The evidence tends to prove that *Vance* paid some 700 dollars on the land, and some amount on the improvements thereon, but how much is not at all made certain; and that 1,050 dollars was paid by *Dickey*, for the part by him purchased, to said *Vance.* If he was, as the Court found, holding said property in trust, subject to his claim, we do not see, from the evidence, but that the 1,050 dollars would fully pay all sums by him advanced; and, therefore, we cannot disturb the finding and judgment that the notes, &c., are held in trust for the heirs, &c., of said *Crawford*, and that it is consequently subject to his debts.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*E. Vance* and *B. F. Claypool*, for the appellant.

*N. Trusler* and *J. A. Fay*, for the appellees.