*M. Jenkinson,* for appellee.

---

### DICKERSON and Others *v.* TURNER and Another.

When the drawee of a bill of exchange accepts the bill, the presumption is that he has funds of the drawer, in his hands, to the amount of the bill; but that presumption may be rebutted.

The drawee may show that he accepted and paid the bill for the accommodation of the drawer; and, then, the law will imply an undertaking, on the part of the drawer, to indemnify the acceptor, who, on such implied obligation, may have his action against the drawer.

If one of several drawers of a bill joins in it as principal, and the others as sureties for him, and the drawee, with a knowledge of these facts, accepts and pays it, and without any funds of the drawers in his hands, there is an implied obligation on the part of all the drawers—sureties as well as principal, to indemnify him; and he may have his action against them all, as for money paid to their use.

When a party objects to a ruling of the Court, and does not follow up his objection by taking an exception to such ruling, the objection is waived.

The grounds of objection to the admission of evidence must appear to have been presented to the Court below or the objection will not be noticed in this Court.

APPEAL from *Warrick* Common Pleas.

DAVISON, J.—This was an action, by the acceptors of a bill of exchange against the drawers. *James Turner* and *Edward Wilson* were the plaintiffs, and *Charles Dickerson, Franklin Bethel* and *Chester Bethel* were the defendants. The complaint alleges, substantially, these facts: On *February* 3, 1855, *Chester Bethel*, one of the defendants, was indebted to the plaintiffs $830, on account of previous dealing between them and an old mercantile firm of *Shelby & Bethel*, of which he, *Chester Bethel*, had been a member. To secure the payment of this indebtedness to the plaintiffs, he procured the firm of *Dickerson, Bethel & Co.*, of which he was then a member, to draw a bill of exchange, for $830, on the plaintiffs, and payable to one *Thomas Bethel*. The defendants, *Charles Dickerson* and *Franklin Bethel* were also members of the firm of *Dickerson, Bethel & Co.*, when the bill was drawn. The bill is dated *February* 3, 1855—was, on that day, accepted by the plaintiffs, and was afterwards indorsed, by the payee, to the said *Chester Bethel*, who indorsed it to certain persons doing business under the name of *Twitchel & Co.* At the time the bill was drawn, accepted and indorsed, it was well known, and understood by all the parties, that *Dickerson, Bethel & Co.*, the drawers, had no funds in the hands of the plaintiffs; that *Chester Bethel* became a party to said bill for the purpose of continuing his liability to the plaintiffs for the $830 due them from *Shelby & Bethel;* and that *Charles Dickerson* and *Franklin Bethel* became parties to the same bill as the sureties of *Chester Bethel*, who, it was agreed, should pay and take up the bill when it became due and payable. It is averred that the defendants wholly failed to pay the same at maturity, and that on *June* 5, 1855, it was duly protested for non-payment, of which the defendants had due notice. And further, it is averred that the plaintiffs, in order to save their credit, were compelled to, and did, pay the bill to *Twitchel & Co.*, to whom it had, as above stated, been indorsed. Wherefore the plaintiffs demand $990—the amount specified in the bill with interest, &c. Defendants demurred to the complaint, but their demurrer was overruled and they excepted.

Nov. Term,
1860.

DICKERSON
v.
TURNER.

Monday,
November 25.

Upon this ruling the inquiry arises: Whether, upon the case made by the complaint, the plaintiffs are entitled to recover? When the drawee of a bill of exchange accepts the bill, the presumption is that he has, in his hands, funds of the drawer, to the amount stated on its face; but that presumption may be rebutted. The drawee may show that he accepted and paid the bill for the accommodation of the drawer, and, then, the law will *imply an undertaking, on the part of the drawer*, to indemnify the acceptor, who, on such implied obligation, may have an action against the drawer. Edwards on Bills, &c., pp. 379—532. This exposition is, no doubt, correct, and the result is, the complaint is not defective, because it shows, affirmatively, that the drawees, when they accepted the bill, had no funds of the drawers in their hands, and that they paid the bill, when it matured, with their own funds. But it is assumed, by the appellants, that this action is upon the bill itself, and not upon an implied undertaking, by the drawers, to "indemnify the acceptors," and, hence, they insist that the plaintiffs have misconceived their remedy. We think otherwise: As we construe the complaint, the action is not upon the bill, but is founded on an implied promise arising out of the facts alleged. Again, it is argued that *Chester Bethel*, one of the drawers, was principal in the bill; agreed to pay it when due, and is alone liable to the acceptors; that *Charles Dickerson* and *Franklin Bethel*, the other defendants, being in no wise connected with that agreement, are not liable in this action. This position is not correct. Whether they were or not so connected can not, in our judgment, vary their liability. It is, however, averred in the complaint, and admitted by the demurrer, that these defendants "became parties to the bill as sureties of *Chester Bethel*." And it is, to some extent, questionable whether against them, as sureties, there is an implied promise to refund the money paid by the plaintiffs. Upon this point there have been various adjudications, but the weight of them seems to accord with the position, that such sureties are liable upon an implied promise to refund. *Suydam* v. *Westfall*, 2 Denio, 205, is precisely in point. In that case, a bill of exchange was drawn by several; one of whom joined in the

bill as surety for the others, who procured it to be discounted, before acceptance, for their own benefit; and the drawee, with a knowledge of these facts, accepted and paid the bill without funds of any of the drawers in his hands. *Held*, that he might recover the amount against *all the* drawers, in an action for money paid to their use. *Nelson* v. *Dubois*, 13 Johns. 175. We are of opinion that the demurrer was not well taken.

The defendant's answer contains a general traverse, and three special defenses. The third and fourth raise no material question in the case. To the second a demurrer was sustained, and the defendants amended; but that defense, as amended, is, in substance and effect, the same as the one originally filed: hence, the decision on the demurrer will not be noticed; because the defendants, in this instance, had the full benefit of their original defense, though it was adjudged, on demurrer, to be insufficient. The defense, as amended, alleges "that, at the time the bill was drawn and accepted, the plaintiffs were indebted to *Thomas Bethel*, the payee; that it was drawn, solely, for the accommodation of the plaintiffs, who accepted and delivered it to said *Thomas Bethel*, in payment of their indebtedness to him; and the defendants aver that they never promised to pay said bill to the plaintiffs, nor did they, in any wise, become liable to them, &c." To this the plaintiffs replied, substantially, that, the bill was not drawn for their accommodation, but was drawn, accepted, and indorsed for the purposes and uses set forth in the complaint, and that the defendants did promise to pay, &c. A demurrer to this reply was correctly overruled. The issues were submitted to a jury, who found for the plaintiffs, and the Court, having denied a motion for a new trial, rendered judgment, &c.

Upon the trial, the plaintiffs offered in evidence, the transcript of a judgment by default, obtained by them, against these defendants, in the *Warrick* Circuit Court, prior to the commencement of this suit. It appears that that judgment was for the same demand now in suit, and had been replevied, but was afterward set aside, on motion, and the action in which it was obtained, dismissed. An objection to the

Nov. Term,
1860.

THE STATE
v.
MANLY.

introduction of this evidence, was made and overruled; but no exception was taken. The decision thus made is not, therefore, properly before us, because "where a party objects to a ruling of the Court, and does not follow up his objection, by taking an exception to such ruling, the objection is waived." *Vance* v. *Cowing*, 13 Ind. 460. And there is still another reason why the decision of the Court, in admitting the evidence, can not be assigned, for error. The grounds of the objection to its admission do not appear to have been presented to the lower Court. *Huston* v. *Huston*, 4 Ind. 139. We do not, however, perceive any effective bearing the admitted evidence could have had on the trial of the cause; and, if it be considered as stricken out, there is still, in the record, evidence sufficient to sustain the verdict. *Parker* v. *The State*, 8 Blackf. 244.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages, and costs.

*Jones & Blythe* and *Johnson*, for appellants.
*A. L. Robinson*, for appellees.