White, J.
We find no error in the court rendering judgment for the plaintiffs.
Where a drawee is without funds of the drawer of a bill of *495 exchange, and pays the bill, he is entitled to be reimbursed by the drawer for the money thus paid ; and if there are several drawers, part of whom are sureties for the others, all are alike liable to reimburse the drawee.
The principle is thus stated in Nelson v. Richardson, 4 Sneed, 307: The surety drawer of a bill of exchange becomes chargeable with every obligation and liability which the law imposes upon the principal, as well those that are implied by law as those that are expressed; and this is so in regard to all the parties, the drawee or acceptor no less than the payee indorsee or holder of the bill. When the drawee pays the bill without funds of the drawers, the relation between the parties is reversed; the drawee, instead of being a debtor, becomes the creditor of the drawer for the money advanced, and may recover the same of such surety drawer, not, indeed, upon the bill itself, but upon his implied promise to reimburse the drawee. To the same effect are Dickerson v. Turner, 15 Ind. 4; Swilley v. Lyon, 18 Ala. 552. See, also, Story on Bills, § 420; Daniel on Neg. Ins. § 95.
The question in the present case is, in what character did Church, Bissell & Co. sign the hill ? They, by signing their name upon the bill at the time of its execution, filled up as it was, became parties to the request upon the drawees to pay the amount named in the bill to Smith, the payee. The payee can only regard them as drawers of the bill, chargeable alike with W. W. Bissell as such drawers. By signing on the back, they may have evinced, as the fact was, that they were sureties of Bissell. Nevertheless they were drawers, and, being drawers, as respects the payee, they must also be drawers as respects the drawees. The essential element of a drawer is that he is an original party to the request upon the drawee to pay the bill. If W. W. Bissell is regarded as sole drawer of the bill, Church, Bissell & Co. would be strangers to it, and could not be indorsers of the bill, to the payee; hence their true relation to the bill must be that of drawers, and thus equally bound with Bissell to furnish funds to meet it. It can be no more said that the drawees would have paid the bill without the *496 names of Church, Bissell & Co. than it can be said that the bank would have discounted the bill without their names.
The fact that the name of Church, Bissell & Co. was written on the back of the bill instead of on the face, does not preclude their being regarded as drawers. Penny v. Innes, 1 Cr. M. & R. 439.

Judgment affirmed.