Board of Commissioners of Cass County *et al. v.* Plotner.

BOARD OF COMMISSIONERS OF CASS COUNTY ET AL.
*v.* PLOTNER.

[No. 18,018.    Filed December 10, 1897.]

DRAINS.—*Assessment Liens.*—*Estoppel.*—Where the owner of property assessed with benefits for a public ditch, under color of law, had notice of the petitions and assessments, and of the various steps as required by law for the construction of public ditches and made no objection or complaint against such proceeding, and during the progress thereof joined in a petition to the board of commissioners asking for an extension of time for the payment of the first installment of the assessments, which was granted, he cannot, after the completion of the ditch and after his receipt of benefits therefrom, deny the authority under which such improvements and assessments were made.

From the Pulaski Circuit Court. *Reversed.*

*Gavin, Coffin & Davis, Nelson & Myers, McConnell & Jenkins, Guthrie & Bushnell* and *Borders & Borders,* for appellants.

*Elliott & Elliott, Kistler & Kistler* and *M. Winfield,* for appellee.

HACKNEY, J.—This was a suit by the appellee, Plotner, against the appellants, the board of commissioners, the auditor, and the treasurer of Cass county, and the board of commissioners of White county.

In his complaint the appellee alleged his ownership of certain described lands in Cass county; that the appellants "unlawfully claim title to, interest in, and lien on said real estate, adverse to plaintiff's rights, by reason of said defendants attempting to create a lien thereon by assessing and charging said real estate with certain supposed benefits in the establishing and constructing of what is known as the 'Oliver Hendee Ditch' in Cass county, State of Indiana, which claim and charge against said real estate is without right, and unlawful, and casts a cloud upon plaintiff's title."

The prayer was that appellee's title be quieted against the claim of appellants, and that said claim be declared null and void.

The issue was formed by an answer in general denial, and, upon change of the venue from the Cass Circuit Court to the Pulaski Circuit Court, a trial resulted in a special finding with a conclusion of law in favor of the appellee, to the effect that the assessment against his lands for the construction of said "Oliver Hendee Ditch" was void, and that appellee's title should be quieted.

The ditch in question was constructed under and pursuant to the act of March 7, 1891 (Acts 1891, p. 455, section 5690 *et seq.*, Burns' R. S. 1894), was of more than five miles in length and extended into the counties of Cass and White.

The theory of the appellee, and that which it is conceded was followed by the trial court, is that section 15 of said act, section 5704, Burns' R. S. 1894, was and is invalid and ineffectual to create a joint tribunal, consisting of the boards of commissioners of two or more counties for the establishment and construction of drains over five miles in length, extending into two or more counties. The objection urged against the section is that no provision is made for a *time of holding* joint sessions, a *place for holding* such sessions, and a *mode* of organization, for any tribunal consisting of several boards.

The facts specially found recite, in detail, all of the meetings, proceedings, and orders of the boards of said two counties, from the original petitions to the respective boards down to and including the placing of the assessments of benefits upon the tax duplicates for collection. The facts disclose that the appellee had notice of the petitions, notice of the assessments, and of the various steps, as required by said act, rel-

ative to ditches in a single county, and knowledge of the issuance, by said counties, of bonds for large sums; that he lived upon his said lands and saw and knew of the construction of the ditch thereupon, as the same progressed; that he made no objection to or complaint against the proceeding, or the construction of the ditch as it affected his lands; that during the progress of the work he joined in a petition to the board of commissioners of Cass county, asking an extension of the time for the payment of the first installment of the assessments, and, pursuant to said petition, a delay of one year in the enforcement of the assessments was allowed by the treasurer of said county.

It appears, also, from the report of the viewers recited in the finding, that his lands were benefited by said ditch in the sum of one hundred and twenty dollars, the sum assessed against said lands; that the improvement was completed and accepted from the contractors who constructed the same, and the assessment was placed upon the tax duplicate of Cass county for collection.

Looking to the complaint, as the standpoint from which to view the special findings, it may be remarked that its character is not free from doubt. As an action to quiet title, it would seem to present an unusual, if not unauthorized, demand in that its purpose was to obtain relief from an assessment, not involving an adverse claim of title, one in which the defendants were mere ministerial officers, without capacity, as such, to assert or maintain a claim of title, or, indeed, to maintain a cloud upon titles to land, which land merely stands charged, under the forms of law, with assessments for public improvements. "Where the purpose of the action is merely to enforce or cancel a lien, incumbrance, or contract, the statute," as to new trials as a matter of right, "does not apply." *Liggett* v. *Hink-*

ley, 120 Ind. 387; *Williams* v. *Thames, etc., Trust Co.,* 105 Ind. 420; *Voss* v. *Eller,* 109 Ind. 260. The reason of the rule so stated is that such an action does not involve the claim of adverse title. While the complaint before us alleges an unlawful claim of title by the appellants, the specific averments characterize this general allegation as an attempt to charge the land with a lien for ditch assessments. If we should limit the purpose of the complaint to quiet title, in the ordinary sense, the findings would be subject to the objection that they do not state an adverse claim of title by the appellants. But, giving the complaint a more liberal interpretation, its object was to cancel, declare invalid, and stay the enforcement of an apparent lien in which the officers had only the interest of public servants, charged with the duty of collecting and enforcing for the benefit of others. In this view the pleading presented an appeal to the equitable powers of the court. It collaterally attacked the assessment as much as if an injunction had been asked, and the result sought was, in effect, to restrain the assertion or enforcement of the assessment as a lien.

Viewing the facts specially found from this standpoint, we are first led to inquire whether the appellee had the right to insist upon the invalidity of the section of the act in question, for, if he had not, we are not required to consider it. *Henderson* v. *State, ex rel.,* 137 Ind. 552, and authorities there cited.

It is a general rule, now fully accepted in this State, that where the owner of property subject to assessment for public improvements stands by and makes no objection to such improvements which benefit his property, he may not deny the authority by which the improvements are made, nor defeat the assessment made against his property for the benefits derived. And this is true, both where the proceedings for the

improvement are attacked for irregularity, and where their validity is denied, but color of law exists for the proceedings. *Palmer* v. *Stumph,* 29 Ind. 329; *Hellenkamp* v. *City of Lafayette,* 30 Ind. 192; *City of Evansville* v. *Pfisterer,* 34 Ind. 36; *City of Lafayette* v. *Fowler,* 34 Ind. 140; *Muncey* v. *Joest,* 74 Ind. 409; *City of Logansport* v. *Uhl,* 99 Ind. 531; *Peters* v. *Griffee,* 108 Ind. 121; *Taber* v. *Ferguson,* 109 Ind. 227; *Ross* v. *Stackhouse,* 114 Ind. 200; *Prezinger* v. *Harness,* 114 Ind. 491; *Western Paving, etc., Co.* v. *Citizens' Street R. R. Co.,* 128 Ind. 525; *McCoy* v. *Able,* 131 Ind. 417; *Vickery* v. *Board, etc.,* 134 Ind. 554; *Cluggish* v. *Koons,* 15 Ind. App. 599.

In *Vickery* v. *Board, etc., supra,* the proceedings were attacked upon the ground that the law under which they were had was unconstitutional, and this court held that one who receives benefits under an unconstitutional law cannot deny the constitutionality of such law.

In *Cluggish* v. *Koons, supra,* it was held that proceedings under a law which had been repealed may not be attacked, as invalid, by one who has stood by and permitted his property to be benefited by such proceedings.

In *McCoy* v. *Able, supra,* it was said, "Principle and authority forbid that property-owners should be allowed to stand by, inactive and passive, until after the work has been done, and then come in and take from the contractor the value of his work and materials without compensation. For such persons the law has no very tender regard."

In *Ross* v. *Stackhouse, supra,* it was said, that "in any event, one who acquiesces, with knowledge, until after the improvement has been completed, cannot escape payment for the actual benefits received, even though the proceedings turn out to be void, provided the con-

tractor proceed in good faith and without notice from the property-owner. He cannot enjoy the benefits and escape the burden, unless he interferes or gives notice before the benefit is received."

In *Prezinger* v. *Harness, supra*, it was said: "The authorities fully justify the statement that, where an improvement is made under color of statutory proceedings, unless such proceedings are so totally and palpably void as that the person who made the improvement or performed the work must have proceeded with a degree of recklessness that amounted to bad faith, the property-owner who stood by and received the benefits assessed against his property will be estopped to assert the invalidity of the proceedings without first paying, or offering to pay, the benefits."

In answer to these authorities it is simply urged for the appellee that the case does not present the ordinary elements of an estoppel. Acquiescence is not always treated as an estoppel, but as a *quasi* estoppel, as it was called in *City of Logansport* v. *Uhl, supra*. It is a release or an abandonment of one's rights if, having rights, he stands by and sees another dealing with his property, in a manner inconsistent with such rights, and makes no objection while the act is in progress. *Duke of Leeds* v. *Earl of Amherst*, 2 Phil. Ch. 117. Acquiescence is like permission to do the thing done, and equity would treat as unconscionable the denial of that to which one has assented or acquiesced.

In this case, if section 15 of the act of 1891, *supra*, were invalid for lack of detail, a proposition to which we most certainly do not assent, it gave color of law for the proceeding affecting the appellee's land. That conclusion could not be stronger in establishing the invalidity of the proceedings than if the law had been repealed, or was unconstitutional. There is certainly no element of the case disclosing bad faith or a reck-

less disregard for the law by those who undertook to secure the improvement, or those who did the work.

The facts found show a clear and unmistakable case of acquiescence on the part of the appellee, even if this controversy were waged with the contractor who did the work. But the contractor is not a party, and the suit is waged against the officers who are but the instruments or agencies through which those interested have accomplished a public improvement with direct private benefit to the appellee. The theory upon which counties and cities issue bonds and secure money thereon to pay for such improvements and benefits is, not that such counties or cities are debtors or in any manner liable in the first instance, but that they represent the property owners, stand for them, and as their agents, and are the conduits through which the property owners secure the improvement, obtain time for payments, and pledge their property to the creditor, the bondholder. *Strieb* v. *Cox*, 111 Ind. 299; *Quill* v. *City of Indianapolis*, 124 Ind. 292; *Porter* v. *City of Tipton*, 141 Ind. 347; *Walker* v. *Board, etc.*, 11 Ind. App. 285.

The silence of the appellee was his acquiescence in the choice and in the act of his agent, an act with colorable authority, by one who, with his knowledge, acted for him and in his behalf. Now to permit him to deny the agency is to perpetrate a fraud upon the agent and upon the bondholders, whose good faith is not questioned. Equity will not tolerate such bad faith, and, when appealed to, with hands unclean from the receipt of benefits for which any return is denied, relief will be withheld.

We conclude, therefore, that the court erred in its conclusion of law, and the judgment is reversed, with instructions to restate its conclusion of law in accordance with this opinion, and to render judgment for the appellants thereon.