BALLARD v. BAGWELL ET AL.

[No. 12,148. Filed April 21, 1925. Rehearing denied June 26, 1925.]

1. DRAINS.—*Assessments for cleaning drain under law of 1915 should not be certified to county auditor, and if so certified, may be canceled by landowner.*—There is no authority of law for the township trustee certifying to the county auditor assessments for cleaning a ditch under the law of 1915 for the cleaning and repair of drains (Acts 1915 p. 320, §6161a et seq. Burns' Supp. 1918), and where an assessment against a landowner has been certified to the county auditor and placed on the tax duplicate, he may have the assessments canceled on the books of the auditor and treasurer. p. 334.

2. DRAINS.—*Landowner assessed for expense of cleaning drain not entitled to cancellation of assessment for irregularities in making it.*—A landowner assessed for the expense of cleaning a ditch under the law of 1915 for the cleaning and repair of drains (Acts 1915 p. 320, §6161a et seq. Burns' Supp. 1918) is not entitled to a cancellation of the assessment on the "township drainage record" for failure of the township trustee to follow the requirements of the statute in making the assessments. p. 334.

From Howard Circuit Court; *A. B. Kirkpatrick*, Special Judge.

Suit by Von D. Ballard against M. A. Bagwell and others. From a judgment for defendants, the plaintiff appeals. *Reversed in part and affirmed in part.* By the second division.

*Forrest E. Jessup,* for appellant.

*Conrad Wolf, Earl B. Barnes, C. W. Roll* and *George B. Shenk,* for appellees.

McMAHAN, J.—Complaint by appellant against the auditor and the treasurer of Howard county, and of the trustee of Jackson township in said county, for the cancellation of an assessment on certain land owned by appellant, and levied by said trustee on account of the cleaning out of a certain ditch. There was a judgment for defendants, appellees herein. Appellant's motion for a new trial on the ground that the finding of the court is not sustained by sufficient evidence, and is contrary to law, being overruled, appellant appeals and assigns as error the overruling of said motion.

Sections 6218-6236 Burns 1926, §§6161q-6161i1 Burns' Supp. 1921, Acts 1915 p. 320, Acts 1921 p. 413, provides that the cleaning, repairing and general superintendence of all ditches, except dredge ditches, shall be under the exclusive charge and supervision of the township trustee of the township in which the ditch is located. Such trustee is authorized to procure the assistance of the county surveyor, in ascertaining the depth, width and grade line according to the original specifications, in order to compute the yardage of excavation required and to determine the labor necessary to clean out the ditch. After procuring the computations from the surveyor, the trustee is required to give notice for two weeks in at least two issues of a newspaper of general circulation, the office of which is located nearest the ditch, of the day on which he will let the contract for the cleaning out of the ditch, the last insertion of such notice being required to be at least ten days before the date when the contract will be let. A landowner may have the preferential right to a contract to clean out such portion as shall approximately equal his assessment. The trustee,

in case of tile drains, is required to certify the cost of the work, and to apportion and assess the cost upon lands in proportion and on the basis of the original assessment for the construction of such ditch and according to the benefits received thereby. In case of open drains, the cost shall be raised by levying a flat or uniform rate upon all lands benefited. §6161a Burns' Supp. 1918, Acts 1915 p. 320, §11. Such assessments are to be reduced to writing and, after the same are finally fixed and established, shall be recorded in a book known as the "township drainage record." Notices are required to be posted, not less than ten days in public places in the township, of the time and place where objections will be heard to such assessments, a copy of such notice to be also mailed to each landowner assessed. On the day named in the notice, the trustee shall hear objections to the assessments, may adjourn the hearing from day to day, and confirm or change the assessments as justice may require, and enter an order accordingly, which shall be final and conclusive upon all parties unless an appeal is taken to the circuit court or board of commissioners within ten days. Such assessments may be collected by suit and the lien therefor foreclosed in any court having jurisdiction.

William P. Morton testified that he was the township trustee and had charge of the matter of cleaning out the ditch; that he let the contract for the cleaning out of the ditch as an entirety to Lemming and Small; that he made out the assessments; that he mailed a notice of the assessment to persons interested, including appellant, notifying them of the time when he would hear objections; that he posted notices along the line of the ditch; that some of the interested parties attended that meeting, and it was then decided on a "flat rate"; that no subsequent notices were given; that he did not have the assessments figured out before that meeting, but

that he made the assessments on the day named in the notices. It was agreed that notice of the time and place of letting the contract for cleaning out the ditch was duly published in a named newspaper.

Appellant testified that the ditch ran through the farm on which he lived and that he asked the trustee to give him his allotment; that he wanted to clean it out himself; knew it was being cleaned out by Lemming and Small; that he had no notice of the meeting concerning the assessment, but had a notice telling him his assessment was due; he was present when the contract was let to Lemming and Small and knew the surveyor had made the survey for the cleaning out of the ditch; knew the contract had been let and saw the contractors doing the work.

Appellant makes no claim that proper notices were not given of the letting of the contract, or that the contract was improperly let. His contention is that the assessment is void: (1) because it was not recorded in the Township Drainage Record; (2) that no assessment had, in fact, been made when the notices that objections to the assessment would be heard, were given; (3) that no notice was thereafter given of the assessment; and (4) that the act of the trustee in certifying the assessment to the county auditor was without authority of law.

1, 2. The act of the trustee in certifying the assessments to the county auditor and the act of the auditor in placing the assessments on record in his office and placing them on the tax duplicate were without authority of law. Appellant was entitled to have the purported assessments canceled in so far as the record in the offices of the auditor and treasurer of the county are concerned. But, in so far as the record pertaining to the cleaning out of the ditch and the levying of the assessments by the trustee is concerned, appel-

lant is in no position to demand a cancellation. The contract for the cleaning out of the ditch appears to have been legal, and the trustee had the undoubted right to make an assessment against the lands affected. The assessments, when properly made, may be collected and the lien therefor enforced and foreclosed in any court having competent jurisdiction. Whether the record heretofore made by the trustee is sufficient to sustain such an action is not before us on this appeal, and we express no opinion on that question. If, for any reason, the proper steps have not been taken to make such a record as will sustain an action, we know of no law preventing the trustee taking such steps.

The decree is reversed as to Orville O. Butcher, Auditor, and William D. Weddell, Treasurer, and a new trial ordered as to them. The decree is affirmed as to the other appellees.