BALLARD *v.* BAGWELL, TRUSTEE OF JACKSON TOWNSHIP, HOWARD COUNTY.

[No. 13,803.   Filed February 28, 1930.]

*Forrest E. Jump* and *Joseph G. Herron,* for appellant.
*Wolf & Barnes, C. W. Roll* and *George B. Shenk,* for appellee.

REMY, C. J.—Suit by appellee, township trustee, against appellant to foreclose a lien which had been assessed against appellant's real estate for the cost of cleaning out an open ditch, the assessment having been made under the drainage act of 1915, as same was amended in 1921 (Acts 1915 p. 320, Acts 1921 p. 413, §§6218-6236 Burns 1926).   The facts of this case were before

the court on a previous appeal. *Ballard* v. *Bagwell* (1925), 83 Ind. App. 331, 147 N. E. 311. The former appeal was from a judgment in a suit brought by appellant herein against the auditor and treasurer of Howard County to cancel the assessment here in question, in which suit, appellee was joined as a party defendant. In that appeal, this court held that there was no authority for the certification of the certificates of assessment to the county auditor and the placing of the same upon the tax duplicates by that officer. The record of the proceeding by the township trustee to establish the assessments was not, however, made a part of the record on appeal, for which reason this court held that the questions involving the enforcement of the lien were not before the court. The facts as well as the statute in question are fully set forth in that opinion and need not be restated here.

In the case at bar, the complaint contains the usual allegations found in the complaint in a suit of this character, and is not attacked for sufficiency. It is also averred that appellant, with knowledge of the proceeding for the repair of the ditch, stood by, received the benefits, did not remonstrate or appeal, and now refuses to pay the assessment. To the complaint appellant answered by denial. Trial resulted in a finding against appellant and a decree of foreclosure. This appeal followed.

It is provided by §§10, 11 and 12 of the drainage act, *supra,* that the township trustee shall apportion the costs and reduce the assessments to writing, and that, when such assessments have been finally fixed and established, he shall record the same in a book kept by the trustee for that purpose and known as the "township drainage record"; that he shall then mail notices to all concerned of the time and place to hear objections and evidence, and thereafter make an order changing or

confirming the assessments so made, which order shall be final, except that appeal therefrom may be taken within 10 days. Appellant did not appeal from the assessment against his real estate, but defends against the complaint of appellee to foreclose, claiming that no lien attached because the assessments when fixed were not recorded in the township drainage record.

There is evidence tending to show that, after the required notice to the interested parties, including appellant, a preliminary assessment roll was made, and, September 24, 1921, a hearing was had and the assessments fixed, but not recorded in the drainage record; in fact, they were not so recorded until the summer of 1925, which was approximately four years after the assessments were fixed and was after the decision of this court in the former appeal.

It is contended by appellant that, under the statute, the lien is created by the recording of the assessments in the drainage record, and that a valid record could not have been made after a lapse of nearly four years. We do not concur in that view. The statute does not provide that the lien is created by the act of recording the assessments in the particular record; but, if the statute could be so interpreted, still no time is fixed in which the record must be made. As stated by this court when, on the former appeal, it was suggested that the lien could not be enforced because the assessments had not been properly recorded: "If, for any reason, the proper steps have not been taken to make such a record . . . we know of no law preventing the trustee taking such steps." We hold that the assessment against the land of appellant was valid and enforceable.

Appellant cannot succeed for another reason: He knew of the proceeding for cleaning the ditch, which

proceeding was instituted and conducted under color of law; knew of the letting of the contract and progress of the work; stood by and received the admitted benefits without protest, and without prosecuting an appeal from the assessment as required by the statute. *Board, etc.,* v. *Plotner* (1897), 149 Ind. 116, 48 N. E. 635.

Affirmed.