## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 03 2017, 9:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Krista B. Lockyear
Joseph H. Langerak, IV
Jackson Kelly PLLC
Evansville, Indiana

ATTORNEY FOR APPELLEES

John G. Wetherill
Wetherill Law Office
Rockport, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Margaret J. Wilkinson, <br><br>*Appellant-Defendant,* <br><br> *v.* <br><br> Ivan H. Kuehn and Micki L. Kuehn, <br><br> *Appellees-Plaintiffs.* | February 3, 2017 <br><br> Court of Appeals Case No. 74A05-1608-PL-1994 <br><br> Appeal from the Spencer Circuit Court <br><br> The Honorable Jon A. Dartt, Judge <br><br> Trial Court Cause No. 74C01-1605-PL-169 |

**Bradford, Judge.**

# Case Summary

[1]    In 1998, Appellant-Defendant Margaret Wilkinson sold a portion of her land to Appellee-Plaintiffs Ivan and Micki Kuehn ("the Kuehns"). The conveyance created a scenic easement ("the Easement"), a strip of land in the Kuehns' parcel running along the property line with Wilkinson's parcel, upon which they were restricted from building. In 2007, the Kuehns indicated to Wilkinson that they planned to build a house ("the House"), and informed her that its intended location did not encroach on the Easement. As it happens, it did. Wilkinson, however, never objected to the construction or had a survey performed.

[2]    In April of 2016, when the Kuehns attempted to sell the House, it was discovered that part of the House was, in fact, on the Easement. The Kuehns petitioned the trial court for partial relief from the Easement. Wilkinson was granted a continuance to retain counsel and a second request for a continuance, made the day of the evidentiary hearing, was denied. Following the hearing, the trial court granted the Kuehns' petition for partial relief from the Easement and quieted title to a portion of the Easement in the Kuehns. Wilkinson contends that the trial court erred in releasing a portion of the Easement, abused its discretion in denying her second continuance request, and abused its discretion in consolidating the hearing on the Kuehns' emergency petition with a trial on the merits. Because we disagree, we affirm the judgment of the trial court.

# Facts and Procedural History

In August of 1998, when Wilkinson conveyed a portion of her Spencer County property to the Kuehns, the Easement was created, a 150-foot-wide strip of the Kuehns' parcel where it abuts Wilkinson's. The Easement restricts the Kuehns from constructing any "residences, buildings or improvements" on it. Appellant's App. Vol. II p. 13. In approximately 2007, the Kuehns built the House. Before beginning construction, the Kuehns showed Wilkinson flags marking the future location of the House and assured her that it would be located outside of the Easement. Although Wilkinson commented at the time, apparently to the Kuehns, that she would have preferred that the House be built further from the property line, she did not otherwise object, then or later, or have a survey performed.

In April of 2016, the Kuehns agreed to sell their house to Joshua and Brittany Pickerill. A survey performed by the Pickerills revealed that the House encroached onto the Easement approximately eighteen feet in one place and approximately seven feet in another. On May 11, 2016, the Kuehns petitioned the trial court for emergency partial relief from the Easement and requested an emergency hearing. The trial court set a hearing for May 23, 2016. On May 20, 2016, Wilkinson called the court and requested a continuance to retain counsel, which the trial court granted, resetting the hearing for June 8, 2016.

On the day of the hearing, Wilkinson requested a second continuance, which request the trial court denied. On June 22, 2016, the parties submitted post-

hearing briefs. On August 4, 2016, the trial court issued an order providing, in part, as follows:

1. The Plaintiffs, Ivan H. Kuehn and Micki L. Kuehn, filed their Petition For Emergency Partial Relief From Scenic Easement on May 11, 2016 which the Court construes as a declaratory judgment request to quiet title as to the claim Plaintiffs mistakenly encroached upon the scenic easement of Defendant by approximately seven (7) feet on the front of Plaintiffs' house and eighteen (18) feet on the backside of Plaintiffs' house.

2. Time is of the essence as Plaintiffs have entered into a purchase agreement with Joshua and Brittany Pickerill and the issue must be resolved immediately as it is holding up the completion of the real estate transaction at costs to everyone involved and the Pickerills have already moved into the property.

3. As a result, the Court set the trial in this cause on an expedited basis, first on May 23, 2016 and then upon Defendant Wilkinson's request for continuance to June 8, 2016. Defendant obtained counsel who entered an appearance and requested another continuance after the close of Court on June 7, 2016 and who appeared on June 8, 2016 and requested the same at trial which the Court denied due to the exigency of the circumstances and one prior continuance already being given to Defendant Wilkinson.

4. The Court heard evidence and arguments on Plaintiffs' Petition and the Court allowed the parties to submit post-hearing briefs in support of their petitions.

5. The Court finds Defendant, Margaret Wilkinson has a scenic easement by deed since 1998 which was and has been encroached upon by Plaintiff's since they built their home adjacent to her property in 2007.

6.     The Court finds the encroachment on her scenic easement is about seven (7) feet on the front of Plaintiffs' residence and about eighteen (18) feet on the backside of Plaintiffs' residence for a total encroachment of the scenic easement of about one-one hundredth [sic] of an acre.

7.     The Court finds the Plaintiffs encroached upon the scenic easement unintentionally when they constructed their residence in 2007 and both Plaintiffs and Defendant admitted no one objected to the encroachment which appears to have been unknown to the parties until a recent survey was conducted when the property was sold to the new purchasers, the Pickerills.

8.     There has been no objection relayed by Defendant to Plaintiffs for approximately nine (9) years since the residence was built but Defendant Wilkinson now claims the encroachment affects her use and enjoyment of her property.

9.     Defendant Wilkinson testified she does not object to Plaintiffs selling the house to the Pickerills but that she objects to the house being on the easement. She claims she never told the Plaintiffs but she never liked the house being built so close to her property and even though her home is built in the middle of a wooded area, Defendant claims she can still see Plaintiffs' residence from her property when the leaves are off which the scenic easement was meant to protect against. The Plaintiffs claim they cannot see her residence from their house or their front yard.

10.     Defendant Wilkinson claims her use and enjoyment of her property is damaged by the partial encroachment of Plaintiffs' residence on her scenic easement.

11.     The Court now Finds based upon the evidence and the law at the trial of this cause, this is a relatively easy case to decide as the Court now ORDERS title should be quieted and a declaratory judgment should be entered making it clear that the Court is not going to Order the Plaintiffs' residence (soon to be

the Pickerills' residence) to be torn down in part or removed as a result of the encroachment under the unique circumstances of this case.

12.     Instead, the Court Orders there shall be a partial release of the scenic easement as to the relatively small area of the encroachment pursuant to the surveyor's Plat of Survey listed in Plaintiffs' Exhibit #4.  The Court will sign off on an Order quieting title as to the small area of the encroachment and will Order it is exempt from the original scenic easement in this case which was entered in 1998.  Plaintiffs' counsel shall prepare at the expense of Plaintiffs said Quiet Title Order and any necessary accompanying paperwork or filing fees to effectuate this Order which should allow the emergency portion of this case to be resolved so the new purchasers, the Pickerills, can complete the purchase of the real estate to them with a small portion of the original scenic easement exempted and removed.

13.     However, Plaintiffs will still owe damages to Defendant Wilkinson for the encroachment and taking of the right protected by the easement which will need to be determined by this Court upon the evidence and the law.  The parties' counsel shall contact the Court and setup a damages hearing date and time so that matter may be fully heard and decided.

Order pp. 1-4.

Wilkinson contends that the trial court's decision extinguishing a portion of the Easement is contrary to law and unsupported by sufficient evidence, the trial court abused its discretion in denying her second motion for continuance, and the trial court abused its discretion in consolidating the emergency hearing with a full trial on the merits.

# Discussion and Decision

The trial court entered findings of fact and conclusions of law pursuant to Indiana Trial Rule 52.

> When a court has made special findings of fact, an appellate court reviews sufficiency of the evidence using a two-step process. "First, it must determine whether the evidence supports the trial court's findings of fact; second, it must determine whether those findings of fact support the trial court's conclusions of law." *Estate of Reasor v. Putnam County*, 635 N.E.2d 153, 158 (Ind. 1994) (citation omitted). Findings will only be set aside if they are clearly erroneous. *Id*. "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Id*. (citation omitted). A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *State v. Van Cleave*, 674 N.E.2d 1293, 1296 (Ind. 1996), *reh'g granted in part*, 681 N.E.2d 181 (Ind. 1997). In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id*. at 1295.

*Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). "On appellate review, however, a trial court judgment may be affirmed if sustainable on any basis in the record, even though not on a theory used by the trial court." *Benham v. State*, 637 N.E.2d 133, 138 (Ind. 1994).

## I. Partial Extinguishment of the Easement

All agree that the Kuehns built the House, in part, in the Easement. There is also no dispute that Wilkinson failed to object to the House, either before it was built or at any time afterwards. These two facts are sufficient to decide the issue. Although not specifically argued by the parties or cited as a basis for the

judgment, the undisputed evidence supports the trial court's judgment on the basis that Wilkinson acquiesced in the infringement of the Easement.

[9] "Acquiescence *** 'is a release or an abandonment of one's rights if, having rights, he stands by and sees another dealing with his property in a manner inconsistent with such rights, and makes no objection while the act is in progress.'" *Henning v. Neisz*, 148 Ind. App. 576, 585, 268 N.E.2d 310, 316 (1971) (quoting *Bd. of Comm'rs of Cass Cty. v. Plotner*, 149 Ind. 116, 121, 48 N.E. 635, 637 (1897)). "Acquiescence is like permission to do the thing done, and equity would treat as unconscionable the denial of that to which one has assented or acquiesced." *Plotner*, 149 Ind. at 121, 48 N.E. at 637.

[10] Wilkinson made no objection to the House, either before or after its construction, despite being informed of the Kuehns' plans beforehand. Wilkinson does not claim that she had insufficient time to commission a survey before construction began, and yet she did not do so. In summary, because Wilkinson witnessed the Kuehns using the Easement in a manner inconsistent with her rights and made no objection, it would be unconscionable to enjoin that use now. *See Henning*, 148 Ind. App. at 585, 268 N.E.2d at 316 (in case where appellee had easement for driveway over appellant's land and moved driveway but appellant made no objection for over five years, concluding that appellant had acquiesced in new location of driveway). The trial court's judgment may be affirmed on the basis of Wilkinson's acquiescence to the construction of the House.

## II.  Wilkinson's Second Request for a Continuance

Wilkinson contends that the trial court abused its discretion denying her second motion for continuance, which was filed on the day of the hearing.

> Regarding our standard of review of a denial of a motion for continuance, this Court has explained, "[i]f good cause is shown for granting the motion, denial of a continuance will be deemed to be an abuse of discretion." *Evans v. Thomas*, 976 N.E.2d 125, 127 (Ind. Ct. App. 2012) (quoting *Hess v. Hess*, 679 N.E.2d 153, 154 (Ind. Ct. App. 1997)), *trans. denied* 982 N.E.2d 298 (Ind. 2013); *see also* Ind. Small Claims Rule 9(A) (stating "[e]ach party may be granted a continuance for good cause shown").  An abuse of discretion exists "when a decision is clearly against the logic and effect of the facts and circumstances before the court or where the record demonstrates prejudice to the defendant from a denial of the continuance." *Gingerich v. State*, 979 N.E.2d 694, 702 (Ind. Ct. App. 2012), *trans. denied* 984 N.E.2d 221 (Ind. 2013).

*Destination Yachts, Inc. v. Fine*, 22 N.E.3d 611, 616 (Ind. Ct. App. 2014).  "We must also consider whether a delay would have prejudiced the opposing party to an extent sufficient to justify denial of the continuance." *Id*. (citation omitted).

As mentioned, the trial court denied Wilkinson's second request for a continuance, which was made on the day of the evidentiary hearing.  Given the relatively straightforward nature of the legal question presented by this case and the circumstances surrounding it, Wilkinson has failed to show an abuse of discretion.  Wilkinson conceded the facts necessary to establish acquiescence, and that, essentially, disposes of the entire case.  We cannot imagine what

advantage Wilkinson could have gained with more time. Moreover, the trial court found that the dispute was delaying the sale of the House to the Pickerills, causing all involved to incur additional costs. A further continuance would only have increased the inconvenience and cost to the Pickerills and Kuehns, not to mention Wilkinson herself. Wilkinson has failed to establish that the trial court abused its discretion in denying her second request for a continuance.

## III. Consolidation of Emergency Hearing and Trial on the Merits

[13]     Wilkinson contends that the trial court abused its discretion in consolidating the hearing on the Kuehns' motion for emergency relief with a trial on the merits. The Indiana Supreme Court has stated the following with regard to "surprise consolidations":

> Federal courts have further held that consolidation without notice is reversible error when the effect is to deprive a party of the right to present the case on the merits. *See Eli Lilly & Co., Inc. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1106-07 (5th Cir. 1972); *Santiago v. Corporacion de Renovacion Urbana Y Vivienda de Puerto Rico*, 453 F.2d 794, 797-98 (1st Cir. 1972). But the prevailing federal rule has long been that consolidation without notice is not reversible error absent a showing of prejudice. *See Eli Lilly*, 460 F.2d at 1106 ("[S]urprise alone is not a sufficient basis for appellate reversal; appellant must also show that the procedures followed resulted in prejudice…."); *see also Holly Sugar Corp. v. Goshen County Coop. Beet Growers Ass'n*, 725 F.2d 564, 568 (10th Cir. 1984); *Socialist Workers Party v. Ill. State Bd. of Elections*, 566 F.2d 586, 587 (7th Cir. 1977).

*Roberts v. Cmty. Hosps. of Ind., Inc.*, 897 N.E.2d 458, 465 (Ind. 2008).

We therefore stress that any determination of prejudice following a surprise consolidation must consider (1) the scope of the issues in the case, (2) the opportunity that the parties have had for discovery, (3) the degree to which continuance and discovery requests have been honored, (4) the extent to which the parties litigated the merits of the case at the preliminary injunction hearing, and/or (5) the realistic ability of the trial court to render judgment using the testimony and evidence elicited at the preliminary injunction hearing.

*Id*. at 467.

[14] Given the circumstances of this case, we conclude that Wilkinson has failed to establish prejudice and, therefore, an abuse of discretion. As mentioned, the case turns on only two facts: the Kuehns built on the Easement and Wilkinson acquiesced to the construction, the latter of which she admitted. In other words, the scope of the issue is not broad and can be resolved by facts not in dispute. It follows, then, that opportunities for further discovery were not needed, the degree to which requests for continuances or discovery were granted is largely immaterial, the sole issue in the case was fully litigated at the emergency hearing, and the trial court was able to render judgment disposing of the main issue based on evidence presented at that hearing. Even assuming, *arguendo*, that Wilkinson was surprised by the trial court's consolidation, she has failed to establish prejudice. Wilkinson has failed to establish an abuse of discretion in this regard.

[15] We affirm the judgment of the trial court.

Vaidik, C.J., and Brown, J., concur.